**BAMBURG v. STANDARD OIL CO. OF LOUISIANA.**

No. 6046.

Court of Appeal of Louisiana.
Second Circuit.

April 4, 1940.

On Rehearing Nov. 1, 1940.

J. B. Crow, of Shreveport, for appellant.

T. M. Milling, of New Orleans, and Cecil Morgan, P. A. Casey, and C. L. Yancey, all of Shreveport, for appellee.

DREW, Judge.

Plaintiff, Mrs. Claudine Bamburg, brought this action against the Standard Oil Company of Louisiana, seeking to recover for injuries sustained when she fell into an excavation made by the defendant near a public highway.

Defendant filed an exception of no cause and no right of action directed at plaintiff's petition, which was sustained by the lower court, and, from which ruling, the plaintiff has prosecuted this appeal.

In her petition, which was twice amended, due to an exception of vagueness filed by the defendant, plaintiff avers that on May 7, 1938, around 9 or 10 A. M. o'clock, she was traveling on foot near Gas Center on the Cross Lake road going out of the city of Shreveport, and was walking about two feet off the edge of the asphalt surface along the shoulder of the highway with an automobile coming toward her from the opposite direction, when another car suddenly sounded its horn behind her,

causing her to turn suddenly around and, as she did so, she fell into a deep hole or excavation about two feet from the edge of the asphalt, made by and left open by defendant which had been made for the purpose of laying a pipe line.

Plaintiff further alleges that a heavy rain was falling, which obscured her vision, and that a truck of the defendant "or someone else" had been backed up near the hole in front of her which made it all the more difficult for her to avoid falling into the hole at the time she made the sudden turn, caused by the blast of the horn. She further alleges that there were no warning signals or guard rails around the excavation.

The exception of no cause or right of action is directed at the allegations which set forth the manner in which the injury was sustained. It is urged on behalf of the plaintiff that defendant is anticipating a defense of contributory negligence and is attempting to bar plaintiff's action without a trial of the case on the merits and relies on the proposition that contributory negligence is a special defense and, as such, must be specially pleaded and proved by the defendant.

■ This is generally true, but it has been repeatedly held by the courts of this state that where the plaintiff's petition sets up affirmative allegations of fact which, if correct, show a lack of due care required of the plaintiff in avoiding injury to himself, then the petition fails to disclose a cause of action based upon the negligence of the defendant.

In the case of Gibbs v. Illinois Cent. R. Company, 169 La. 450, 125 So. 445, 447, the Court made the following statement:

"Contributory negligence is a special defense, and unless the facts alleged, which are accepted as true for the purpose of the trial of an exception of no cause of action, show affirmatively that the deceased was guilty of contributory negligence, and that such negligence was a proximate cause of his death, the exception should not be maintained."

The question to be decided in this case then, is whether or not the failure of the plaintiff to see the excavation under the conditions set out in her petition is due to a lack of such care as will bar her recovery due to negligence on her part contributing to the cause of her injury.

■ Negligence is a failure to observe or do something that one ought to have seen and done, and would have done or noticed with ordinary care. Lipscomb v. Standard Highway Company, 11 La.App. 508, 124 So. 156; Clerc v. Morgan's Louisiana & T. R. & S. S. Company, 107 La. 370, 31 So. 886, 90 Am.St.Rep. 319.

■ Contributory negligence is negligence on the part of the person injured that contributes to the cause of his injury. Mason v. Herrin Transfer & Warehouse Company, Inc., La.App., 168 So. 331.

The plaintiff's failure to see the excavation, unless the surrounding facts are such as would lead to the conclusion that she could not have seen the excavation by exercising ordinary care is negligence. She alleges that a heavy rain was falling which obscured her vision, and that a truck was parked in front of the hole, which prevented her from avoiding the hole. According to the allegations in plaintiff's petition, the excavation was some six feet in length and about two feet across. The dirt around the ditch must have been piled on the side of the excavation until such time as the pipe line was placed therein and the ditch refilled. If the truck was in such position as to hamper her view of the excavation, she could not have fallen therein, as it would have been impossible to get into the excavation while the truck stood between her and the excavation. A truck being backed up to the excavation indicates that workmen were engaged there, and therefore there was no necessity for guard rails or other warning signals. The fact that it was raining does not excuse her failure to see the hole, as an object the size of this hole must have been visible to a person for more than ten feet in the middle of the forenoon, which was the time the accident occurred.

■ We are of the opinion that plaintiff's failure to see the excavation constitutes negligence and want of care which were the proximate, contributing cause of her injury. Plaintiff is held to have seen that which she should have seen; and an excavation with the dimensions of the one into which plaintiff fell could have been and should have been seen at ten o'clock in the morning. Although plaintiff was not required to keep her eyes glued to the road, she was required to look sufficiently well to see if her path was clear. If she saw the excavation and the sudden sound

of a car horn frightened her so that she turned hurriedly and fell into it, there could be no liability on the part of defendant.

The lower court was correct in sustaining the exception of no cause or right of action and the judgment is therefore affirmed, with the costs of both courts to be borne by plaintiff, appellant.

## On Rehearing.

TALIAFERRO, Judge.

We have restudied the record in this case and are convinced beyond question of the correctness of our former conclusions as regards the exceptions sustained by the lower court. No good purpose would be promoted by restating the reasons supporting the judgment heretofore rendered. They are fully set out therein.

For the reasons assigned, our former decree herein is reinstated and made final.