GULOTTA, Judge.
This is an appeal from a dismissal of plaintiff’s suit for damages and injuries arising out of an automobile accident. We affirm.
The facts are that plaintiff was traveling in a northerly direction (toward the River) in the left lane of Almonaster Avenue in the City of New Orleans at approximately 7:30 a. m. on April 6, 1970. At a point approximately four tenths (.4) of a mile north of Higgins Road intersection a pickup truck owned by defendant, Joseph Máncele, and a connected trailer owned by City of New Orleans was parked in the right lane of Almonaster about six or seven inches from the curb. Almonaster Avenue at this point has two lanes for traffic traveling in the direction of the River (northerly) and two lanes for traffic traveling in the direction of the Lake (southerly) separated by a seventy-five foot neutral ground. The trailer is a tilt low boy used to transport bulldozers and heavy equipment. Immediately prior to the accident, it was tilted with the back sloped towards the street and the front in an upward position. The transported bulldozer had been backed off the tilted trailer onto the street and was in operation on land adjacent to the highway. While the trailer was in this position, plaintiff’s automobile struck the trailer causing his right wheels to be elevated resulting in his automobile turning over on its side and ultimately on its top.
*468 Plaintiff’s version of the accident is that his right front tire hit a 4 x 6 piece of lumber approximately 4 or 5 feet in length protruding eighteen to twenty-four inches into the left lane of traffic. This lumber, he claims, came from the trailer and was negligently left on the highway by defendant Máncele or other employees of the City. According to plaintiff, after hitting the lumber, his automobile veered to the right causing the right wheels to run up the trailer resulting in his automobile overturning. Otillio further contends that defendants were negligent in failing to place a red flag one-hundred feet behind and one-hundred feet in front of the parked truck and trailer in violation of LSA-R.S. 32 ¡369.[1]
Defendants, on the other hand, take the position that the truck was legally parked affording a clear left lane of traffic and that no lumber was on the street prior to the accident. They further contend that LSA-R.S. 32:369 is the Highway Regulatory Act and not applicable to City streets. Finally, they argue that the parked truck was not the cause in fact of the accident. They insist that plaintiff’s negligence was the sole and only cause.
While defendant’s negligence is placed in issue, we find it unnecessary to consider this question because the facts in this case convince us that plaintiff’s negligence bars his recovery. Jones v. Firemen’s Insurance Co. of Newark, N. J., 240 So.2d 780 (La.App. 2nd Cir. 1970); Comeaux v. State Farm Mutual Automobile Ins. Co., 231 So.2d 674 (La.App. 1st Cir. 1970).
The trial judge, in reasons for judgment, stated that he concluded no lumber was on the highway prior to the accident. The record supports this conclusion. Neither the plaintiff nor any of the other five witnesses (for the plaintiff or defendant) testified that they saw the piece of wood in the street before the accident. They testified that they saw the wood on the street only after the accident. Moreover, additional significant facts clearly demonstrate plaintiff’s negligence. The day was clear and visibility was good. Otillio testified as he approached he saw the parked truck at a distance of 500 yards and had no obstruction of his view. He further stated he was traveling at a speed of 30 mph in a 35 mph speed limit. His testimony was that the truck and trailer were parked six or seven inches from the curb. No evidence was established that the truck was parked across the center line. To the contrary, the evidence was that it was parked within the right lane.
After plaintiff’s vehicle struck the trailer, it turned[1] over on its left side and slid a distance of 190 feet and ultimately turned over on its top. This in itself indicated that plaintiff was traveling at a high rate of speed, as stated by the trial judge in his reasons.
It is clear from the record that plaintiff simply failed to see that which he should have seen.[2] His negligence resulted in the accident and bars his recovery. The judgment is affirmed.
Affirmed.

. LSA-R.S. 32:369 reads as follows:
“Between sunrise and sunset, buses, cars for hire having a capacity for over ten passengers, cars or trucks used as wreckers or for other towing purposes, freight carrying vehicles and combinations thereof, shall. be equipped with two red flags, one to be placed 100 feet behind and the other 100 feet ahead of said parked vehicles and in such a position as to be visible to all approaching traffic during the daylight hours.”

. Bamburg v. Standard Oil Co. of Louisiana, 199 So. 411 (La.App. 2nd Cir. 1940); Hamilton v. Lee, 144 So. 249 (La.App. 2nd Cir. 1932).