348 So.2d 158 (1977)
Matthew J. WILLIS, Plaintiff-Appellee,
v.
STAUFFER CHEMICAL CO. et al., Defendants-Appellants.
No. 6002.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
Rehearing Denied August 1, 1977.
Rehearing Granted September 23, 1977.
*159 Woodley, Fenet & Ranier by Drew A. Ranier, Lake Charles, for defendants-appellants.
Stafford, Randow, O'Neal & Smith by Grove Stafford, Jr., Alexandria, for third party defendant-appellee.
Gold, Hall, Hammill & Little by John F. Simon, Alexandria, for plaintiff-intervenor-appellee.
Gravel, Roy & Burnes by Chris J. Roy, Alexandria, for plaintiff-appellee.
Before HOOD, FORET and HEARD, JJ.
Rehearing Denied as to Stauffer August 1, 1977.
Rehearing Granted as to Aetna September 23, 1977. See 349 So.2d 1390.
HEARD, Judge.
Plaintiff, Matthew J. Willis, sued defendant, Stauffer Chemical Company and its insurer, Travelers Insurance Company, in order to recover damages for burns sustained when he was sprayed by sulfuric acid. By amended petition, he joined Aetna Casualty and Surety Company and Insurance Company of North America, insurers of executive officers and executive employees, as parties-defendant. Stauffer Chemical Company and its insurer, Travelers Insurance Company, denied any negligence and in the alternative, plead contributory negligence on the part of the plaintiff. Defendants, Stauffer Chemical Company and Travelers Insurance Company, also filed a third party demand against Aetna Casualty and Surety Company and Insurance Company of North America, insurers of the executive officers of Cal-Kraft Paper Company, and the executive employees of the company. Aetna Casualty and Surety Company, workmen's compensation insurer, for Cal-Kraft Paper Company, intervened to collect workmen's compensation benefits paid to plaintiff. After trial on the merits a jury found that Stauffer's negligence was the sole cause of the accident and awarded plaintiff one hundred sixty-six thousand and no/100 ($166,000.00) dollars. Stauffer and Travelers Insurance Company appealed and The Aetna Casualty and Surety Company, as intervenor, answered the appeal.
Plaintiff was employed as a millwright by Cal-Kraft Paper Company. One of the duties of Cal-Kraft millwrights was the unloading of railroad tank cars containing sulfuric acid. Cal-Kraft did not have a training program for millwrights that included instruction in the proper method of unloading sulfuric acid. The millwrights learned how to unload the acid on the job from more experienced workers.
On September 13, 1972, a railroad tank car of acid arrived at Cal-Kraft from the Stauffer Chemical Plant in Baton Rouge. Plaintiff was on duty and proceeded to unload the car. He climbed to the top of the car and proceeded to remove the cap to the deep line or discharge opening of the car. As he did so, pressure caused the cap to blow off and sulfuric acid was sprayed onto the plaintiff. The cap struck the plaintiff, knocked him off the railroad car, and acid continued to flow out of the car and to fall on the plaintiff. A co-worker helped plaintiff to the caustic room, where a shower was located, so that the acid could be rinsed off the plaintiff; however, the shower was not working, and a hose had to be used to rinse the acid off. Plaintiff was taken to St. Francis Cabrini Hospital in Alexandria where he was treated for acid burns.
*160 Plaintiff remained in the hospital nine weeks and underwent two operations. He received acid burns over more than thirty percent of his body, and suffered loss of eighty percent vision in his right eye.
Appellant contends that: (1) The jury erred in finding it guilty of negligence which caused the accident; (2) the jury erred in finding that the plaintiff was free from contributory negligence; (3) the jury erred in finding that the plaintiff's supervisors were free from negligence; (4) the judge erred in refusing to permit an expert witness to express an opinion as to the cause of the accident; and, (5) the jury erred in awarding excessive damages.
The first three of appellant's contentions are based on the premise that the jury erred in evaluating the testimony given at trial. The Louisiana Supreme Court has stated:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reasons for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access to only a cold record) but also upon the proper allocation of trial and appellate functions between the respective courts." Canter v. Koehring, 283 So.2d 716 (La. 1973).
This court must therefore decide whether the jury in this case had a reasonable basis for the decision.
Appellant contends that the jury erred in finding that its negligence was the proximate cause of plaintiff's injuries. Appellant states that the railroad tank car was not overfilled, and that it would have made no difference if it was. The evidence on the issue, most of which is given by Stauffer employees, is conflicting. The Bill of Lading (Ex. P-21) states that the car contained 9,779 gallons of acid. The Stauffer loading report indicates that only 9,745 gallons were contained in the car. Bruce Lusk, Assistant Production Superintendent at Stauffer's Baton Rouge Plant, stated that the regulations of the Department of Transportation require that the car be loaded so that none or almost none of the acid is in the dome of the car. The reason for this is to prevent pressure from building and causing the acid to spray out of the car. However, Lusk also stated that even had the car been completely filled, there would have been no hazard had plaintiff properly unloaded the car. Lusk also stated that the acid was shipped at a higher temperature than the company would have liked. Defendant's expert witness, Ernest Ludwig, stated that the higher temperature would be a factor in causing pressure to build within the tank car.
There was testimony given by the head loader at appellant's Baton Rouge plant, Sidney Neterville, that the car was not overloaded according to the loading sheet, but he also stated that there was acid in the dome space, and that he had not measured the number of gallons he had placed in the car.
Ernest Ludwig, defendant's expert witness, testified that the proper method of unloading the tank car filled with acid is to first vent the car, then open the deep line. He also stated on cross examination that the presence of a foreign substance in the tank car could have caused the acid to spew out as it did. Ludwig also stated that the temperature of the acid when it was loaded (110 degrees) could have contributed to an abnormal pressure build-up, resulting in the accident.
It would seem, from the testimony of these witnesses, that the jury could reasonably *161 conclude that Stauffer's negligence was the cause of the accident.
Appellant contends that the jury erred in finding that the plaintiff was free from contributory negligence. Contributory negligence is conduct by the plaintiff which involves unreasonable likelihood of harm to self. Helminger v. Cook Paint and Varnish Company, 230 So.2d 623 (La.App. 3rd Cir. 1970). In essence, did plaintiff have full knowledge of the danger in which he was placed and were his actions that of a reasonable man under the circumstances to secure his own safety. Pfister v. Phoenix of Hartford Insurance Company, 290 So.2d 362 (La.App. 4th Cir. 1974).
It was found that plaintiff was not wearing a safety mask or a slicker at the time of the accident. It was also shown that he did not vent the car before opening the deep line, which is the proper method of unloading. However, plaintiff had received only on-the-job training, and he was never told that he should wear certain clothing when unloading acid. Further, he testified that he had unloaded other cars in the same manner and had never had an accident. Under these circumstances, the jury had a basis for finding that his actions were those of a reasonable man under the circumstances.
The criteria to be used in determining whether or not an officer of a corporation is liable to an employee was set out by the Supreme Court in Canter v. Koehring, supra. The court must determine whether:
"1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought."
"2. This duty is delegated by the principal or employer to the defendant."
"3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstanceswhether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty."
"4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm."
Appellant contends that the plaintiff's supervisors were negligent in two ways: (1) By not providing adequate instructions in how to handle sulfuric acid, and (2) by not insisting that plaintiff wear protective clothing when unloading acid, and in having a defective shower in the caustic room.
Charles C. Morrow, Cal-Kraft Safety Director, testified that the handling of sulfuric acid had never been dealt with at a safety meeting. He also testified that there had been a problem with the shower in the caustic room prior to the accident, and that he did not know its condition at the time of the accident.
Jack Singletary, plaintiff's tour foreman, testified that he knew of no instructions being issued as to the correct method of unloading tank cars. David Johnson, Jr., Papermill Superintendent, stated that Cal-Kraft had never trained people to unload tank cars.
*162 While the above testimony may prove general negligence on the part of Cal-Kraft, there is no proof that any of the supervisors named in the suit owed or breached a personal obligation to the plaintiff. Since proof of this nature is required by Canter before an officer may be held liable to an employee, the jury did not commit manifest error in refusing to hold them liable.
Appellant contends that the trial court erred in failing to allow its expert witness, Ludwig, to give his opinion as to the cause of the accident. As Ludwig later testified as to what, in his opinion, caused the acid to spew out of the car, it would seem he did testify as to what caused the accident.
Appellant contends that the awarding of $166,000.00 to plaintiff is an excessive award. Plaintiff received first, second and third degree burns over thirty-three percent of his body. He lost eighty percent of the sight of one eye. He also was hospitalized for nine weeks and underwent two operations. The burns destroyed his sweat glands, and he is no longer able to work in heat. Plaintiff was 53 years old at the time of the accident and was earning $3.59 per hour. In view of the injuries and the fact that plaintiff was unable to return to work, we feel that the judgment should be allowed to stand.
Intervenor-appellee Aetna Casualty and Surety Company requests that this court modify the judgment of the trial court to specify precisely what intervenor is entitled to by preference from the judgment awarded plaintiff. All parties stipulated that Aetna would be entitled to preferential payment of the compensation it had paid to or for plaintiff as weekly workmen's compensation benefits and medical expenses. Intervenor now asks that this court spell out its preference to include all of the workmen's compensation benefits and medical expenses paid after the stipulation, plus seven percent per annum interest on all benefits paid after that date, from the date each additional payment was made, until paid. In Hall v. Hartford Accident & Indemnity Co., 278 So.2d 795 (La. App. 4th Cir. 1973), the court allowed credit for all workmen's compensation benefits paid, however, no interest was allowed.
We accordingly amend the judgment to grant intervenor insurer reimbursement for all amounts paid as workmen's compensation benefits, including those paid subsequent to the date of the judgment of the trial court. As amended, judgment is affirmed. The costs of the appeal are assessed to defendants-appellants.
AMENDED AND AFFIRMED.