390 So.2d 211 (1980)
Joseph Clarence ARTIGUE, Plaintiff-Appellant,
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant-Appellee.
No. 7742.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1980.
Rehearing Denied December 1, 1980.
Domengeaux & Wright, Robert K. Tracy and Anthony Moroux, Lafayette, for plaintiff-appellant.
*212 Dubuisson, Brinkhaus & Dauzat, James G. Dubuisson, Opelousas, for defendant-appellee.
Before FORET, STOKER, and LABORDE, JJ.
STOKER, Judge.
This is an action for damages for personal injuries sustained as a result of a fall. Plaintiff, Joseph Clarence Artigue, filed this tort action against South Central Bell Telephone Company. After a jury trial a verdict was returned against plaintiff in favor of defendant. Judgment was rendered on that verdict dismissing plaintiff's suit at his costs. Plaintiff has appealed. We affirm. An intervention was filed by Niagara Fire Insurance Company which asserted a subrogation interest in any recovery which might be made by plaintiff. This subrogation claim was also dismissed by the trial court.
At the conclusion of the trial no special interrogatories were submitted to the jury, and it returned a general verdict. Since no specific findings of fact were made we are unable to determine the grounds upon which the jury based its general verdict in favor of defendant.
On appeal plaintiff briefed the issues of defendant's negligence and plaintiff's contributory negligence. In defendant's brief submitted to us defendant's counsel asserts that he admitted negligence on the part of defendant in the course of argument to the jury. The arguments of counsel are not part of the trial record. Therefore, the issues before this court are the negligence of the defendant, South Central Bell, and the contributory negligence of the plaintiff, Joseph Clarence Artigue. Since we affirm the jury's findings and the judgment of the trial court, we are not confronted with the issue of damages.

FACTS
The record in the case reflects the following. In July of 1975, the plaintiff's brother, Lawrence Artigue, had difficulty with his telephone service. On July 15, 1975, an employee of the defendant installed a temporary drop line from the Lawrence Artigue home to a telephone terminal located near the street. The drop line was a series of wires encased in a gray rubber coating and was approximately 1/8 inch wide and 75 to 100 feet in length. The line rested on the surface of the grass and traversed the side of the Lawrence Artigue home veering a few feet into an adjoining vacant lot. This lot separated the plaintiff's home from the home of his brother.
Around dusk on August 10, 1975, the plaintiff and his wife were walking from his brother's home to their home. As they were crossing the vacant lot plaintiff tripped and fell. Plaintiff alleges that the cause of his fall was the temporary drop line installed by the defendant. Plaintiff notified defendant of his fall. Defendant's employees buried the drop line within two days following the accident.
Defendant's Negligence
Defendant in his appellate brief states that he admitted negligence to the jury. In our opinion, this admission of negligence is supported by the trial record. We find that defendant was negligent. The employee who installed the temporary drop line testified that his normal job responsibilities did not include installation of drop lines. Testimony established that the installing employee deviated from company procedures in failing to execute and deliver to the repair foreman a written work order detailing the location of the drop line. Additionally, the employee failed to tag the line or erect warning signs or warn the public that the line was located in the grass. Defendant allowed this drop line to remain on the surface for approximately one month, failing to bury it in accordance with work procedure until after the company was notified of the plaintiff's fall.
Finding defendant negligent in failing to warn the public of the presence of the wire, we move to the issue of plaintiff's contributory negligence.
Plaintiff's Contributory Negligence
Contributory negligence is a matter of fact to be determined in the light of the circumstances of each case. McKowen v. Gulf States Utilities Company, 358 So.2d 675 (La.App. 1st Cir. 1978).
*213 Plaintiff was a pedestrian and as such is held to have seen that which he should have seen. A pedestrian is not required to look for hidden dangers but he is bound to observe his course to see if his pathway is clear. A pedestrian is held to have seen those obstructions in his pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. Siau v. Rapides School Board, 264 So.2d 372 (La.App. 3rd Cir. 1972), writ denied 266 So.2d 440 (La. 1972).
Whether the obstruction is an obvious hazard which a pedestrian should observe and avoid or whether the obstruction is a hazard which a pedestrian of ordinary care would not see depends upon all the surrounding circumstances. Factors to consider include the time of day, the nature of the pathway, other distractions such as traffic, familiarity with the obstruction, and the size, situation and color of the obstruction. Merchant v. Montgomery Ward & Company, 83 So.2d 920 (La.App. 1st Cir. 1955).
Should the plaintiff have observed the drop line? The jury was apparently of the opinion that plaintiff should have seen it. It was dusk as plaintiff crossed the vacant lot. His wife testified that it was not completely dark but was in the process of getting dark. Plaintiff was crossing a vacant lot, not a paved sidewalk. Photographs introduced into evidence by the plaintiff indicate that the grass on the lot and adjoining lawn was short at the time of the accident. Plaintiff testified that he had crossed the lot frequently and had probably crossed the lot after the drop line was installed and prior to his fall. Plaintiff adamantly insisted that he did not know of the presence of the drop line. The line was gray and ran along the surface of the grass for approximately 75 to 100 feet. Plaintiff's photographs indicate some coiling and bunching where the drop line connected with the terminal.
The citation of authorities provided us by plaintiff-appellant primarily covers cases involving sidewalks and other walkways, alleys, streets and public pathways. Hence, they are not persuasive in plaintiff's favor. Plaintiff-appellant has made no showing that the jury which heard this case was clearly wrong. While the facts are such that a different jury or trier of fact might have found in favor of plaintiff-appellant, the jury in this case did not. The record contains ample proof to support the jury's finding of fact. In the absence of a showing that the jury's finding was clearly wrong or manifestly erroneous, it is our duty to affirm its finding of fact. Arceneaux v. Domingue, 365 So.2d 1330 (La.1975) and Matte v. Guillory, 370 So.2d 1299 (La. App. 3rd Cir. 1979), writ denied, 374 So.2d 661 (La.1979).
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.
LABORDE, J., dissents with reasons.
LABORDE, Judge, dissenting.
I dissent being of the opinion that the jury's verdict was clearly wrong. South Central Bell admitted negligence and the record does not support a finding that the plaintiff was contributorily negligent.
For these reasons, I dissent.