GUIDRY, Judge.
Plaintiff, Gene Soileau, instituted this suit against South Central Bell Telephone Company for damages for personal injuries sustained by Soileau when he tripped over a temporary telephone service wire. After a jury trial, a verdict was rendered in favor of the plaintiff and against the defendant in the sum of $65,000.00. Defendant prosecutes the instant appeal alleging that the jury erred in failing to conclude that the plaintiff was barred from recovery due to his contributory negligence. On appeal, defendant concedes in brief that there existed at trial sufficient evidence for the jury to reasonably conclude that the defendant was negligent. Accordingly, the sole issue before this court on appeal is whether or not the plaintiff was guilty of contributory negligence and thus, is barred from recovering damages.
FACTS
During October of 1977, Mrs. Penny Soi-leau, plaintiff’s wife, contacted South Central Bell Telephone Company and requested telephone service for their residence in rural St. Landry Parish. On November 2, 1977, Bruce Jennings, an employee of the defendant, connected the requested service to the Soileau home. Due to a defective ground wire, the connection of service necessitated the installation of a temporary drop wire which was laid upon the surface of the ground. The wire employed by Jennings was approximately one-quarter inch in diameter and flat black in color. The drop wire was attached to a “protector” *650 located on the side of the Soileau residence and strung across a sidewalk at the side of the house and continued approximately 100 feet to a terminal located near the roadway passing in front of the Soileau residence. Approximately three weeks after the temporary drop line was installed, Mrs. Soileau contacted defendant requesting that defendant send an employee out to bury the wire. Subsequently, Mrs. Soileau made numerous calls requesting that the wire be buried, however, this was not done until May 5, 1978 approximately six months following its installation. Testimony at trial indicated that to leave a temporary drop wire exposed for such a lengthy period of time is highly irregular and contrary to telephone company policy.
On January 28, 1978, at approximately 10:15 p. m., plaintiff, intent on feeding his animals, went to the front porch of his home to obtain some feed and then walked briskly alongside and toward the rear of his residence where he kept his animals. It was a dark night and according to the plaintiff, the security light located approximately 100 feet away did not illuminate that portion of the sidewalk upon which the temporary drop wire was located. The actual trip and fall was described by plaintiff during his testimony during which he stated:
“A. When I got in to the spot, you know, where my butane tank is there, I touched — feit something’ was on mv foot like that and I realized what it was when I felt it. I knew it was that wire and I was coming dose to my back sidewalk that runs sideways like that, so I was going to jump that sidewalk, untangle my foot and as I jumped like that, I felt the wire come off mv rierht foot. I thousrht I was free, kept on eroiner and when I knew somethine, man, it pulled me to- a dead stop, cracked my leg like that and I fell sitting down. It was hooked on my left foot.” (Emphasis ours)
Defendant contends on appeal that the jury erred in concluding that the plaintiff was free from contributory negligence.
The law appears to be well-settled that negligence is a failure to observe or do something that one ought to have observed or done and would have done or noticed with ordinary care. In walking, although one is not required to keep his eyes glued to the pathway, he is required to look sufficiently well to see if his path is clear. This duty of care is even more strict when one has knowledge that his pathway is not clear. See Youngblood v. Newspaper Production Company, 158 So.2d 432 (La.App. 2d Cir. 1963), writ refused, 245 La. 576, 159 So.2d 287; Siau v. Rapides Parish School Board, 264 So.2d 372 (La.App. 3rd Cir. 1972), writ refused, 262 La. 1148, 266 So.2d 440; Masters v. State Farm Insurance Co., 266 So.2d 508 (La.App. 4th Cir. 1972); Artigue v. South Central Bell Telephone Co., 390 So.2d 211 (La.App. 3rd Cir. 1980). Ordinary care is a relative term and its meaning is dependent on the facts and circumstances of each particular case. See Normand v. Piazza, 145 So.2d 110 (La.App. 4th Cir. 1962). In Youngblood, supra, the court stated:
. the conclusion is inescapable that the plaintiff was guilty of contributory negligence in his failure to look where he was going and to observe dangers of which he was well aware and which were known to him.” (Emphasis ours)
Therefore, the essential question to be answered in cases such as the instant suit is did plaintiff have full knowledge of the danger in which he was placed and were his actions that of a reasonable man under the circumstances to secure his own safety. Pfister v. Phoenix of Hartford Insurance Co., 290 So.2d 362 (La.App. 4th Cir. 1974); Willis v. Stauffer Chemical Co., 348 So.2d 158 (La.App. 3rd Cir. 1977).
The record discloses that Soileau was well aware of the presence and location of the temporary telephone service wire. Plaintiff testified that he had to move the wire whenever he cleaned or mowed his yard. More importantly, Soileau testified at trial that he actually felt the wire on his foot immediately prior to his fall, yet instead of exercising ordinary care by making sure he *651 was free of the wire, plaintiff merely assumed he was free and proceeded onward. His actions in continuing forward resulted in his fall and subsequent injury.
Similar factual circumstances were addressed by this court in Artigue v. South Central Bell Telephone Co., supra, wherein the plaintiff tripped on a temporary drop wire that was lying across a vacant lot over which he crossed. The wire in that case was grey in color and the accident occurred at dusk. In that suit, this court held that the plaintiff was guilty of contributory negligence. Plaintiff herein contends that Artigue is inapplicable to the instant case due to its factual differences. We note the factual differences between Artigue and the instant case, however, we conclude that of greater importance than the color of the wire and time of the accident is the fact that the wire in the instant suit had been in the same location for six months, specifically lying across the sidewalk which plaintiff used daily. The record is clear that the area where the drop wire was strung across the sidewalk was clean and the plaintiff was simply not looking for the wire. As previously stated, of great significance to this court is the fact that before falling Soileau encountered the wire, knew exactly what it was, yet proceeded to jump the sidewalk in an attempt to disentangle his foot. Plaintiff then assumed that he was free, continued onward without ascertaining if in fact he was disentangled, and ultimately fell and injured himself. In consideration of Soileau’s own testimony concerning his actions, we conclude that plaintiff was negligent and that his negligence was a proximate cause of his injury. Accordingly, we find that the jury was clearly wrong in its conclusion that plaintiff was free from contributory negligence. See Arceneaux v. Domingue, writ granted, 359 So.2d 1303 (La.1978), 365 So.2d 1330 (La. 1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir. 1979).
We observe that the doctrine of “momentary forgetfulness” is inapplicable to the present suit. That doctrine provides that a plaintiff’s lapse of memory or momentary forgetfulness of or inattention to a known danger, such as the presence of the wire on the sidewalk, excuses him from the consequence of his inattention to the danger. See Youngblood v. Newspaper Production Co., supra. A review of the record reveals that plaintiff conceded his knowledge of and familiarity with the presence of the wire on the sidewalk. There was no evidence indicating that plaintiff had a lapse of memory or that he momentarily forgot the existence of the wire. Moreover, plaintiff’s attention was drawn to the presence of the wire when he felt it on his foot. Thus, even if the plaintiff had momentarily forgotten about the wire in his haste to feed his animals, he became aware of the wire prior to his fall, yet failed to exercise ordinary care by extricating himself from it before proceeding onward.
For the above and foregoing reasons, the judgment of the trial court is reversed and set aside and judgment is rendered in favor of defendant and against the plaintiff, dismissing the latter’s suit. All costs at the trial level and on appeal are assessed to the plaintiff, Gene Soileau.
REVERSED AND RENDERED.
LABORDE, J., dissents and assigns reasons.