LABORDE, Judge,
dissenting.
I respectfully dissent from the majority holding for the following reasons.
At the conclusion of the trial the jury returned a verdict in answer to Special Interrogatories finding the defendant proximately negligent and the plaintiff free of contributory negligence and further awarding the sum of $65,000 in damages. The jury verdict provided:
“JURY VERDICT
1. Was the defendant, SOUTH CENTRAL BELL TELEPHONE COMPANY guilty of negligence which was a proximate cause of the injuries to GENE SOI-LEAU?
*652 YES 2 NO 10
If your answer to the above was “YES”, then answer the following question; if your answer was “NO”, you need answer no further questions.
2. Was the plaintiff, GENE SOILEAU, guilty of contributory negligence which was a proximate cause of the accident?
YES 10 NO 2
If your answer to question No. 2 was “YES”, you need proceed no further; if your answer to question No. 2 was “NO”, then answer the next question.
3. What amount of money should be awarded to the plaintiff, GENE SOI-LEAU?
$65.000
s/ FRANCIS T. DAUPHIN JURY FOREMAN”
(Tr. Volume 1, p. 172)
Defendant moved for a new trial which was denied by the trial judge after oral argument. This appeal followed.
On appeal defendant admits in brief that: “At this point, to argue that South Central Bell Telephone Company was not guilty of negligence would be a fruitless effort. Suffice it to say that there was enough evidence on this issue for this Honorable Court not to disturb the jury’s decision on that point.” (Appellant’s brief p. 6)
Defendant further states:
“Hovever, (sic) there is one glaring error that the jury committed: it found the plaintiff to be free of contributory negligence. And what is before this Court is not a complaint of a finding of fact, because the essential facts were undisputed, but a complaint that the jury’s finding of no negligence on Soileau’s part is not justified by the facts and is clearly contrary to the established jurisprudence of the State of Louisiana.” (Appellant’s brief p. 6)
Therefore, the issue before this court is the contributory negligence of Soileau.
FACTS
Plaintiff’s wife, Penny, requested telephone service from the defendant for the Soileau home in rural St. Landry Parish. On November 2, 1977, Bruce Jennings, an installer for defendant, connected telephone service to their home. Jennings installed a temporary drop wire on the surface of the ground. The wire used by Jennings was approximately Vi inch in diameter and flat black in color. It was attached to the side of the Soileau home and strung across a sidewalk where it continued approximately 100 feet to a terminal located near the roadway. No flags or warnings were attached to the wire.
Shortly after the installation of the temporary phone wire, Penny Soileau began making calls to the defendant requesting them to bury the cable. She made four or five calls prior to January 28, 1978.
Allen Aaron, a supervisor for defendant, testified that it is defendant’s practice to bury telephone cables within 3 or 4 working days from the time of installation. Bruce Jennings testified that it was highly unusual to leave phone wire on the surface of the ground for long periods of time. The manual issued by South Central Bell for burial of such cables provides:
“ 3.03 The practice of laying temporary drops on top of the ground to either establish or restore existing service must be avoided when possible and allowed only when approved by a management employee. A permanent installation should be made within three work days.” (Tr. 127)
The telephone wire was finally buried on May 5, 1978, a period of six (6) months subsequent to the installation.
On January 28, 1978, at approximately 10:00 p. m., Soileau went to the front porch of his home, picked up some food for his animals, and then walked briskly alongside and toward the rear of his home where the animals that he intended to feed were kept. It was a dark night and the security light located 100 feet away did not illuminate that portion of the sidewalk as the light was blocked by trees and a butane tank. *653 Soileau was not accustomed to using this route to feed his animals. Instead, he usually exited through the back door of his house.
The actual trip and fall is best described by Soileau as follows:
“A. When I got in to the spot, you know, where my butane tank is there, I touched — felt something was on my foot like that and I realized what it was when I felt it, I knew it was that wire and I was coming close to my back sidewalk that runs sideways like that, so I was going to jump that sidewalk, untangle my foot and as I jumped like that, I felt the wire come off my right foot, I thought I was free, kept on going and when I knew something, man, it pulled me to a dead stop, cracked my leg like that and I fell sitting down. It was hooked on my left foot.
Q. You said you jumped, were you walking or running at the time?
A. When I felt that, I kinda like run, jumped that sidewalk, I kinda like jumped that sidewalk, you know.
Q. What was your intention in jumping the sidewalk?
A. Well, I didn’t want to fall on that sidewalk.” (Tr. Volume 2, pp. (17-18))
DEFENDANT’S NEGLIGENCE
Defendant in its appellate brief admitted negligence. In my opinion this admission is supported by the trial record. In addition to permitting the temporary drop wire to remain on the surface of the ground from November 2,1977, to January 28,1978, (the date of the accident) defendant failed to tag the line or erect warning signs. I find that the defendant was negligent.
Finding defendant negligent, I now address the issue of plaintiff’s contributory negligence.
PLAINTIFF’S CONTRIBUTORY NEGLIGENCE
The general law in cases of this type is set out in Siau v. Rapides Parish School Board, 264 So.2d 372, 375 (La.App. 3rd Cir. 1972), writ denied, 262 La. 1148, 266 So.2d 440 (La.1972).
“Negligence is a failure to observe or do something that one ought to have observed and done, and would have done or noticed with ordinary care. Plaintiff is held to have seen that which he should have seen. Although plaintiff was not required to keep his eyes glued to the pathway, he was required to look sufficiently well to see if his path was clear. Bamburg v. Standard Oil Co. of Louisiana, 199 So. 411, 412 (La.App. 2 Cir. 1940).
While one is not required to look for hidden dangers, he is nevertheless bound to proceed with his eyes open and to observe his course to see what is in his pathway. Spinks v. General Fire and Casualty Company, N. Y., 175 So.2d 339, 341 (La.App. 2 Cir. 1965).”
Contributory negligence is a matter of fact to be determined in the light of the circumstances of each case. McKowen v. Gulf States Utilities Company, 358 So.2d 675 (La.App. 1st Cir. 1978).
Defendant urges us to follow our recent decision in Artigue v. South Central Bell Tel. Co., 390 So.2d 211 (La.App. 3rd Cir. 1980). In the Artigue case plaintiff tripped and fell over a temporary wire that was lying across a vacant lot over which he was crossing. The wire was grey in color. The accident happened at dusk. In that case this court affirmed the jury’s finding that Artigue was guilty of contributory negligence.
In Artigue we held that contributory negligence is a matter of fact to be determined in the light of the circumstances of each case. Artigue is distinguishable from the case under consideration. Soileau tripped on the wire, flat black in color, in total darkness at 10:00 p. m.
Defendant is asking this court to substitute its judgment for that of the jury’s. *654 Defendant has made no showing that the jury which heard this case was clearly wrong. While the facts are such that a different jury or trier of fact might have found in favor of defendant-appellant, the jury in this case did not. The record contains ample proof to support the jury’s finding of fact. In the absence of a showing that the jury’s finding was clearly wrong or manifestly erroneous, it is our duty to affirm its finding of fact. Arceneaux v. Domingue, 365 So.2d 1130 (La.1978); Matte v. Guillory, 370 So.2d 1299 (La.App. 3rd Cir. 1979), writ denied, 374 So.2d 661 (La.1979) and Artigue v. South Central Bell Telephone Co., supra.
For the above and foregoing reasons, I would affirm the jury’s findings.