406 So.2d 182 (1981)
Gene SOILEAU
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY.
No. 81-C-1368.
Supreme Court of Louisiana.
November 16, 1981.
*183 Richard C. Broussard of Domengeaux & Wright, Lafayette, for plaintiff-applicant.
Edward B. Dubuisson of Dubuisson & Dubuisson, Opelousas, for defendant-respondent.
BLANCHE, Justice.
Gene Soileau instituted this action against South Central Bell Telephone Company to recover damages for personal injuries sustained by him when he tripped over a temporary telephone service wire. After a jury trial, judgment was rendered in favor of plaintiff and against defendant in the sum of $65,000. Defendant appealed this award to the Third Circuit Court of Appeal. That court reversed the lower court judgment and held that plaintiff's recovery was barred by contributory negligence. We reverse.
The facts set forth in the opinion of the court of appeal are as follows: During October of 1977, Mrs. Penny Soileau, plaintiff's wife, contacted South Central Bell Telephone Company and requested telephone service for their residence in rural St. Landry Parish. On November 2, 1977, Bruce Jennings, an employee of the defendant, connected the requested service to the Soileau home. Due to a defective ground wire, the connection of service necessitated the installation of a temporary drop wire which was laid upon the surface of the ground. The wire employed by Jennings was approximately one-quarter inch in diameter and flat black in color. The drop wire was attached to a "protector" located on the side of the Soileau residence and strung across a sidewalk at the side of the house and continued approximately 100 feet to a terminal located near the roadway passing in front of the Soileau residence. Approximately three weeks after the temporary drop line was installed, Mrs. Soileau contacted defendant requesting that defendant send an employee out to the bury the wire. Subsequently, Mrs. Soileau made numerous calls requesting that the wire be buried, however, this was not done until May 5, 1978 approximately six months following its installation. Testimony at trial indicated that to leave a temporary drop wire exposed for such a lengthy period of time is highly irregular and contrary to telephone company policy.
On January 28, 1978, at approximately 10:15 p. m., plaintiff, intent on feeding his animals, went to the front porch of his home to obtain some feed and then walked briskly alongside and toward the rear of his residence where he kept his animals. It was a dark night and according to the plaintiff, the security light located approximately 100 feet away did not illuminate that portion of the sidewalk upon which the temporary drop wire was located. The actual trip and fall was described by plaintiff during his testimony during which he stated:
"A. When I got in to the spot, you know, where my butane tank is there, I touchedfelt something was on my foot like that and I realized what it was when I felt it. I knew it was that wire and I was coming close to my back sidewalk that runs sideways like that so I going to jump that sidewalk, untangle my foot and as I jumped like that, I felt the wire come off my right foot. I thought I was free, kept on going and when I knew something, man, it pulled me to a dead stop, cracked my leg like that and I fell sitting down. It was hooked on my left foot."
The law applicable in this case was set forth in Siau v. Rapides Parish School Board, 264 So.2d 372, 375 (La.App. 3d Cir. 1972), writ den. 262 La. 1148, 266 So.2d 440 (La.1972).
"Negligence is a failure to observe or do something that one ought to have observed and done, and would have done or noticed with ordinary care. Plaintiff is held to have seen that which he should have seen. Although plaintiff was not *184 required to keep his eyes glued to the pathway, he was required to look sufficiently well to see if his path was clear. Bamburg v. Standard Oil Co. of La., 199 So. 411, 412 (La.App. 2d Cir. 1940).
Contributory negligence is a matter of fact to be determined in the light of the circumstances of each case. McKowen v. Gulf States Utilities Company, 358 So.2d 675 (La. App. 1st Cir. 1978). Questions of fact are generally left to the jury and their findings should not be disturbed unless they are clearly wrong. Arceneaux v. Domingue, writ granted, 359 So.2d 1303 (La.1978), 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App. 3d Cir. 1979). On the record before us we cannot say that the jury's factual determination was clearly wrong.
The evidence was sufficient for the jury to conclude that the plaintiff was using ordinary care at the time of the accident even though he did not remember the presence of the wire until he was entangled. Mr. Soileau testified that he had not been along the front sidewalk where the wire was located since December because he usually went out the back door. This indicates that he had not used the sidewalk for up to two months prior to the time of the accident. The security light did not illuminate this portion of the sidewalk because of shadows cast by nearby trees and a butane tank. The accident occurred late on a winter night while Mr. Soileau was hurrying to feed his animals and get back inside for supper. The jury could have found that under these circumstances, a man exercising ordinary care might still have tripped over the wire. A person is not required to exercise the utmost caution at each moment to avoid every hazard of which he was ever aware. Even the "reasonable man" is permitted an occasional lapse of memory. The critical inquiry is whether or not he was exercising ordinary care for his own safety at the time of the accident and whether or not it was reasonable to forget the presence of the wire. In this case we are of the opinion that the jury's findings should have been relied upon.
The defendant cited Artigue v. South Central Bell Telephone Co., 390 So.2d 211 (La.App. 3d Cir. 1980), which involved a similar factual situation. In that case, a gray drop line rested on the surface of some short grass alongside the home of the plaintiff's brother, veering a few feet into an adjoining vacant lot at several intervals. This lot separated the plaintiff's home from the home of his brother, and the plaintiff crossed the lot frequently. Artigue tripped over the wire around dusk one evening as he was returning from the home of his brother. The jury in Artigue found that the plaintiff had been contributorily negligent.
The case at bar can be distinguished from Artigue on a factual basis. Soileau tripped on a drop line which was flat black in color at 10:00 p. m. as he was walking along a darkened sidewalk which he seldom used. Further, the court in Artigue correctly stated, "While the facts are such that a different jury or trier of facts might have found in favor of plaintiff-appellant, the jury in this case did not." In the case at bar, another jury might have found that Mr. Soileau had been contributorily negligent; however, the jury assigned to try this case did not. The standard for changing a finding of fact by a jury on appeal is clear error and that standard has not been shown.
The court of appeal placed great significance upon the portion of Mr. Soileau's testimony describing the fall, which was set forth in the statement of facts. The court of appeal felt that this testimony indicated that the plaintiff encountered the wire before falling and still attempted to jump the sidewalk to disentangle his foot. However, a review of his testimony as a whole shows it could support a finding that Mr. Soileau was already off balance and falling at the time he jumped and was just attempting to clear the walk so he would fall on the grass instead of the sidewalk. We agree with the dissent written in the court of appeal that the record contains ample proof to support the jury's finding of fact. We will not substitute our judgment for that of the jury unless there is clear error.
*185 For the foregoing reasons, we reverse the judgment of the court of appeal and reinstate the judgment of the trial court.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
The court of appeal erred, as a matter of law, in placing the burden on plaintiff to remember moment after moment for three months the existence of a non-apparent hazard on his premises, while relieving defendant from the responsibility for creating the hazard and allowing it to continue in existence.