WARD, Judge.
In this personal injury case, Cox Cable New Orleans, Inc. appeals a judgment rendered after a trial solely on the issue of liability. We affirm the Trial Court judgment finding Cox at fault and the plaintiff not negligent.
At about 8:30 on the night of June 28, 1984, William Nuckley tripped and fell as he was jogging on the sidewalk. Although he had not seen it before the accident, Nuckley discovered that he had tripped on a black wire which ran from a curbside metal box in the ground to a nearby apartment building. The metal box and the wire were part of Cox’s cable television system. Nuckley immediately notified Cox of the accident and later sued Cox and the owner *416 of the apartment building for his injuries. These defendants filed a third party demand against Pontchartrain Cable Company, Inc., who they alleged had improperly installed the cable.
With the consent of all parties, the issues of liability and damages were tried separately. La.C.C.P. art. 1562. After trial on liability, the District Judge held that Cox was 100 percent at fault in causing Nuck-ley’s injuries and dismissed the claims against the property owner and Pontchartrain Cable. Cox’s appeal, permitted by La.C.C.P. arts. 1915 and 2083, assigns as error the District Court’s failure to find Nuckley at fault and the finding that Cox alone was liable.
PLAINTIFF’S NEGLIGENCE
Cox first asserts that Nuckley’s negligence contributed to his fall and that his recovery should be reduced by the percentage of his fault in causing the accident. Cox contends that Nuckley was “carelessly and recklessly running at an unsafe pace on a public sidewalk in a residential neighborhood during the early evening hours without regard for his own personal safety and well-being.” Indeed, Nuckley admits that he was running at a fast pace, about seven minutes per mile, and that it was dark with “general street lighting” he described as “very poor.” Nuckley’s testimony was equivocal as to whether he was looking where he was going. He testified that, as he ran, he observed an area approximately fifteen feet in front of him, but that, “[m]y experience with running is that your eyes wander, you look ahead, you look to the side.... Obviously, had my eyes been focused on [the wire], I would have seen it and I wouldn’t have tripped over it....” Nuckley testified that he ran the same route daily and that the wire had not been across the sidewalk on the previous day. The photographs in evidence show that the wire is black and it appears to be less than an inch in diameter. The photographs also show that the sidewalks in the area are flat, smooth and generally unobstructed.
Nuckley’s duty of care was summarized by the court in Dunaway v. Rester Refrigeration Service, Inc., 428 So.2d 1064 at 1067 (La.App. 1st Cir.), writs denied, 433 So.2d 1056, 1057 (La.1983).
A pedestrian has a duty to see that which should have been seen. He is not required to look for hidden dangers, but he is bound to observe his course to see if his pathway is clear. A pedestrian is held to have seen those obstructions in his pathway which would be discovered by a reasonably prudent person exercising ordinary care under the circumstances. Whether the obstruction is an obvious hazard which a pedestrian should observe and avoid, or whether the obstruction is a hazard which a pedestrian exercising due care would not see unless posted with proper warning devices, depends upon all the surrounding circumstances. Factors to consider include the time of day, the nature of the pathway, distractions to the attention, familiarity with the obstruction, and the size, situation and color of the obstruction. Soileau v. South Central Bell Telephone Company, 406 So.2d 182 (La.1981).
A plaintiffs contributing negligence is a question of fact to be determined on a case by case basis. Therefore, the cases which Cox and Nuckley have cited to us are not determinative of the issue of Nuckley’s negligence. Rather we look at the record before us, and it provides a reasonable factual basis for the finding that Nuckley was not negligent. We therefore, reject Cox’s first assignment of error.
COX’S FAULT
Cox next argues that the District Court erred in assessing any liability against it because Nuckley failed to prove that Cox or an agent of Cox placed the wire across the sidewalk. This argument challenges the inference of fault drawn from facts which are not disputed.
Cox does not dispute that the wire was of the type Cox used to connect its underground volt boxes to lock boxes in subscriber’s residences; nor does Cox dispute that the wire was installed improperly, such *417 wires being properly buried underground; nor does Cox dispute that it sent employees to the scene after Nuckley’s accident to correct the problem. Cox was not able to locate any record of cable television service installation at the apartment to which the wire ran, although the apartment owner produced an agreement for service dated some four months before the accident and testified that service was connected to the building in the spring or summer of 1984.
From these facts, the District Judge concluded that “more likely than not,” the wire was installed by Cox. The District Judge rejected, as unsupported by any evidence, Cox’s suggestion that the wire was placed across the sidewalk by someone who was “pirating” cable television service. The trial testimony of Cox’s representative indicated that after the accident Cox removed the wire from across the sidewalk, but even though Nuckley had reported his accident and Cox had reason to know of its potential tort liability, Cox did not attempt to ascertain to which apartment the wire had been connected or in any other way to determine who might have placed it across the sidewalk. Under these circumstances, we cannot say the Trial Court erred, and we reject Cox’s second assignment of error.
The judgment on liability is, therefore, affirmed and the case remanded to the District Court.
AFFIRMED AND REMANDED.
WILLIAMS, J., dissents with reasons.