AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages for personal injuries, medical expenses, and loss of income arising out of and resulting from an accident of October 5, 1966, on the premises of a service station located at 4434 Mansfield Road in Shreveport.
Made defendants in addition to The American Oil Company, owner, were Curtis L. Parker and Curtis Parker Oil Company, Inc., lessees, and Garland J. Williams, sublessee of the station.
A motion for a summary judgment filed and urged below on behalf of defendant Williams resulted in a dismissal of plaintiff’s demands as to him. From the judgment, plaintiff appealed.
For the purpose of considering the motion for a summary judgment, the facts as they appear in the record may be briefly stated. On the premises of the service station are two or more electric light poles of a “hinged” type. They were constructed and designed to “hinge” near the middle of their lengths so that the upper portion could be lowered to facilitate a change in light bulbs in reflectors attached to the tops of the poles or to facilitate the painting of the poles. Plaintiff was injured when one of these poles, which he was painting from the top of a ladder leaning against the pole, collapsed due to a defect in the manner it was secured in its upright position.
By the terms of their lease, defendants Curtis L. Parker and Curtis Parker Oil Company, Inc., were obligated to maintain the leased premises including the poles. On the occasion of the accident plaintiff was in the employ of these lessees. On this as well as prior occasions plaintiff was and had been engaged by them to paint certain of the improvements on the premises, which improvements included these poles.
Williams had no obligation under his sublease to maintain the premises or to have the poles painted. He was not concerned with nor a party to plaintiff’s employment by the lessees on this or prior occasions. Moreover, in an affidavit attached to his motion for a summary judgment, defendant Williams stated that although he operated the service station he did not own the premises; he did not contract with or engage plaintiff to do any work on the premises, including the painting of the poles; nor did he request that the work be done; that he paid for neither labor performed nor for materials furnished for the undertaking. These facts establish no fault or liability on the part of defendant Williams.
Plaintiff would, nevertheless, place liability on defendant Williams under the principle set forth in LSA-C.C. Art. 2317 that we are responsible for damages caused by the things which we have in our custody. As was pointed out in Washington v. T. Smith & Son, 68 So.2d 337, 346 (La.App., Orls.1953 — writ denied):
“The article means by things in one’s custody such things over which that person maintains supervision and control. The whole basis of tort liability, so far as physical injuries are concerned, at least lies in control.”
*404 Thus, “supervision and control” is equated to “custody,” and Williams had neither supervision nor control of the pole. The mere lowering of a similar pole on the premises for the replacement of an electric light bulb is insufficient to establish defendant Williams’ custody, supervision, or control of the pole which plaintiff was painting at the time he fell, or to establish, his liability for the injuries plaintiff sustained in his fall from his ladder.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.