ELLIS, Judge:
This is a suit for damages for personal injuries allegedly suffered by plaintiff Anthony J. Macalusa when he fell while getting off a stool in the Pitt Grill in Morgan City, Louisiana. The defendants are Pitt Grill, Inc., and United States Fidelity & Guaranty Company, its insurer. After trial on the merits, judgment was rendered in favor of defendants dismissing the suit, and plaintiff has appealed.
Plaintiff was seated on a stool at the counter in the Pitt Grill. The seat on the stool to his left had been removed because one of the bolts securing the post on which the seat had been mounted had come loose. This condition had existed for four or five weeks, and plaintiff, who was a regular customer, was not only aware of it, but had commented that it was a dangerous condition. The loose post was about two feet three inches from the post of the seat where plaintiff was seated.
Plaintiff testified that he turned to his left, intending to get up to make a phone call, when he fell to the floor. He testified that he did not know what had caused him to fall, but speculated that it might have been that his foot or trousers in some fashion caught on the adjacent post, causing the fall. Plaintiff had stated that the adjacent post “stuck out like a white elephant” and that he was constantly aware of it as he sat next to it. Other witnesses testified that, in order to come into contact with the adjacent post when arising from the stool, it was necessary to stretch out. They stated that there was no difficulty with the post when arising normally.
The trial judge found that the accident was due to plaintiff’s own carelessness in failing to avoid an obvious hazard. In this Court, plaintiff claims that the Court erred in failing to find defendants strictly liable for his injuries under Article 2322 of the Civil Code.
Article 2322 provides:
“The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.”
The courts of this state have consistently interpreted the word “ruin” in the foregoing article to mean the fall or collapse of a more or less substantial component of the structure. Davis v. Royal-Globe Insurance *99 Companies, 257 La. 523, 242 So.2d 839 (1970); Hornsby v. Ray, 327 So.2d 146 (La. App. 3rd Cir. 1976).
The condition complained of in this case obviously does not fall within the above interpretation, and there is therefore no basis for finding the defendant strictly liable under the provisions of Article 2322.
We agree with the trial judge that the fall resulted from carelessness, and not from any fault or negligence on the part of defendant.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.