417 So.2d 1327 (1982)
Glenda SUMNER, Plaintiff-Appellant,
v.
FOREMOST INSURANCE COMPANY, Defendant-Appellee.
No. 82-88.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
Rehearing Denied August 30, 1982.
*1328 Thomas & Hardy, Robert W. Thomas, Lake Charles, for plaintiff-appellant.
Brame, Bergstedt & Brame, John E. Bergstedt, Lake Charles, for defendant-appellee.
Before FORET, STOKER and DOUCET, JJ.
*1329 FORET, Judge.
Glenda Sumner (plaintiff) brought this tort action to recover damages for personal injuries she suffered in a fall at a mobile home owned by her parents, Mr. and Mrs. Eddie Oliver. Named defendant was her parents' homeowners liability insurer, the Foremost Insurance Company (Foremost).
Trial of plaintiff's action resulted in a judgment in favor of defendant and against plaintiff, dismissing plaintiff's claim with prejudice. We affirm.
Plaintiff appeals devolutively from the trial court's judgment and raises the following issues:
(1) Whether the trial court committed manifest error in finding no negligence on the part of E. D. Oliver, defendant's insured;[1]
(2) Whether the trial court committed manifest error in finding that plaintiff was guilty of contributory negligence and/or victim fault;[2] and,
(3) Whether plaintiff is entitled to an award of $25,000.00 in general and special damages for the injuries she suffered.
Because of our decision herein, we pretermit any discussion of issue # 3.

FACTS
This action arises out of an accident that occurred on June 10, 1980, in a trailer park in Moss Bluff, located in Calcasieu Parish. Plaintiff's parents owned a mobile home in the park and plaintiff had gone to a drugstore to pick up some medication for them. It was raining at the time and this type of weather had been prevelant for a few days preceding the accident. When plaintiff returned from the drugstore, she noticed a large amount of water standing near the front entrance to her parents' mobile home. She therefore decided to use the rear entrance.
The rear entrance to the mobile home consisted of a wooden porch, level with the rear door, and a set of three wooden steps used to reach the porch from the ground. Plaintiff had two of her children with her at the time and all three successfully entered the mobile home through the rear entrance. They remained in the mobile home approximately thirty minutes before deciding to leave. They then proceeded through the rear entrance in an attempt to reach plaintiff's automobile. Plaintiff's 15-year-old son, Brian, carried his 4-year-old sister down the steps and to the automobile. Plaintiff then began to descend the steps when she fell, either on the first or second step, landing on her buttocks. Plaintiff suffered a ruptured disc in the fall which later required surgery to correct. She still complains of pain in her back and must sometimes take medication, including narcotics, to obtain relief from it.
Plaintiff instituted this action alleging that defendant's insured was negligent: in failing to warn her of defects in the steps; in failing to correct defects in the steps when he knew or should have known that they existed; in improperly installing the steps; in allowing the steps to remain in a hazardous condition, when he knew or should have known of their condition, and in failing to warn guests in his home of the same; in allowing the steps to lay in a state of ruin and in failing to repair them; in *1330 failing to properly install handrails to protect guests; and, other acts of negligence which might be proven upon trial of this matter. Plaintiff also plead the doctrine of res ipsa loquitur and that defendant's insured was strictly liable to her under the provisions of LSA-C.C. Articles 2317 and 2322.
Defendant answered plaintiff's original petition denying the allegations of negligence and liability on the part of its insured. In addition, defendant plead the affirmative defenses of contributory negligence and fault of the victim.

ALLEGED NEGLIGENCE OF DEFENDANT'S INSURED
Plaintiff contends that the trial court committed manifest error in finding no negligence on the part of defendant's insured. We have reviewed the trial court's reasons for judgment and find that it made an excellent duty/risk analysis of the negligence issue, which we adopt as our own:[3]
"Before a determination of liability can be made, the Court must first inquire as to whether or not there was any causal relationship existing between the harm to the plaintiff and Mr. Oliver's alleged negligent conduct. Thus, if the plaintiff can show that she probably would not have suffered the injury complained of, but for the conduct of the defendant's insured, she has carried her burden of proof relative to cause-in-fact. Lear v. United States Fire Insurance Company, 392 So.2d 786 (La.App. 3rd Cir. 1980); Stewart v. Gibson Products Company of Natchitoches Parish Louisiana, Inc., 300 So.2d 870 (La.App. 3rd Cir. 1974); Vidrine v. Missouri Farm Association, 339 So.2d 877, (La.App. 3rd Cir. 1976), writ denied, 342 So.2d 216 (La.S.Ct.1977); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (La.S.Ct.1972); Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406 (La.S.Ct.1976).
From the evidence presented, the Court finds that the accident would not have occurred but for the defendant's insured permitting the condition of the steps to exist at the time of the accident. The steps were not secured in any way to the porch and were free-standing which was known to the defendant's insured. The defendant's insured had further trenched the area immediately under the steps and permitted a condition to exist from which it could be reasonably foreseen that in time of heavy rain that the area of the ground under the steps could be either washed away or weakened by the additional water being carried through the area which would cause the steps to possibly give away upon being used by someone going either up or down the steps. However, the Court's finding of a causal relationship between the conduct of the defendant's insured and the injuries suffered by the plaintiff does not establish the former's responsibility in damages for such injury. Rather, in addition, before the plaintiff can be permitted to recover for such conduct, it must be established that the conduct complained of constituted a breach of a legal duty imposed to protect against the particular risk involved. Smolinski v. Taulli, 276 So.2d 286 (La.S.Ct.1973); Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (La.S.Ct.1970); Lear v. U.S. Fire Insurance Co., supra; Shelton v. Aetna Casualty & Surety Co., supra; Hill v. Lundin & Associates, Inc., supra; Vidrine v. Missouri Farm Association, supra. Thus, to determine the duty owed by the landowner to the plaintiff, it is appropriate to ascertain this duty by examining the particular facts before the Court. In Levert v. Travelers Indemnity Company, 140 So.2d 811 (La.App. 3rd Cir. 1962), the Court stated the duty of a homeowner to an invitee, which the Court analogizes to the plaintiff in this case, on Page 813 as follows, "The duty of an occupier of premises to an invitee is to exercise reasonable *1331 or ordinary care for his safety commensurate with the particular circumstances involved. The occupier thus owes a duty to avoid reasonably foreseeable danger to his invitee and to keep his premises safe from hidden dangers in the nature of traps or pitfalls in that they are not known to the invitee and would not be observed and appreciated by him in the exercise of ordinary care. This includes the duty of reasonable prior discovery of such unobservable dangerous conditions of the premises and correction thereof or a warning to the invitee of the danger. On the other hand, the occupier does not invite ... does not insure an invitee against a possibility of an accident. The invitee assumes all normally observable or ordinary risks attendant upon the use of the premises. The occupier is not liable for an injury to an invitee resulting from the danger which is observable or which should have been observed by the invitee in the exercise of reasonable care or from a danger which the invitee should reasonably have appreciated before exposing himself to it." Lear v. United States Fire Insurance Company, supra, and citations contained therein.
Plaintiff's own testimony was that she frequently traversed the steps where the accident in question had occurred. Plaintiff further testified that she knew that the steps gave before the accident and that on the day of the accident in question, that in entering the Oliver trailer by the steps that she observed and felt the steps give. Mrs. Sumner further testified on cross-examination that she believed or thought her accident occurred because of the give in the steps when she attempted to descend, but she stated that she could not remember the steps actually moving.
From the evidence presented, the Court finds that the danger presented by the steps which had some "give" in them should have been observed by an individual in the exercise of reasonable care and was as obvious to a visitor as to the landowner. The Court further finds from the evidence that that fact was, in fact, known to the plaintiff before the accident and was, in fact, observed by the plaintiff immediately or shortly prior to the accident and when she used the steps to enter the trailer. For this reason, the Court finds that the conduct of the defendant's insured does not amount to actionable negligence and that the defendant is not liable to the plaintiff for the injuries which she has unfortunately suffered. All costs in this matter will be taxed against the defendant. A formal judgment will be signed upon presentation." (emphasis ours.)

ALLEGED CONTRIBUTORY NEGLIGENCE AND/OR ASSUMPTION OF RISK BY PLAINTIFF
Plaintiff contends that the trial court committed manifest error in finding that she was guilty of contributory negligence and/or assumption of the risk such as to defeat her claim against defendant. It appears to us that plaintiff has misconstrued the findings of the trial court.
The trial court, relying on the holdings in the cases of Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La.1976) and Vidrine v. Missouri Farm Association, 339 So.2d 877 (La.App. 3 Cir. 1976), writ denied, 324 So.2d 216 (La.1977), was applying the well-settled jurisprudence to the effect that a landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care, or which was as obvious to a visitor as to the landowner. The trial court then went on to find that the condition which resulted in plaintiff's injury was as obvious to her as it was to defendant's insured, and that this condition had, in fact, been observed by the plaintiff. Thus, the trial court made no finding of contributory negligence and/or assumption of the risk on the part of plaintiff. It simply found that, under the above mentioned jurisprudence, the landowner (defendant's insured) had breached no duty owed to plaintiff.

*1332 ALLEGED STRICT LIABILITY OF DEFENDANT'S INSURED
Plaintiff fails to raise any issue concerning strict liability on the part of defendant's insured, or the trial court's neglect to make such a finding, in her specifications of error. However, she does devote some of the argument contained in her brief to this issue, and, in the interest of justice, we will address it.
Plaintiff relies on the provisions of LSA-C.C. Articles 2317[4] and 2322[5] in arguing that defendant's insured is strictly liable to her for the injuries she suffered in the fall. Under the provisions of LSA-C.C. Article 2322, several requirements for the imposition of liability under the article must be met:
1. There must be a building;
2. The defendant must be its owner; and
3. There must be a "ruin" caused by a vice in construction or a neglect to repair, which occasions the damage sought to be recovered.
Olsen v. Shell Oil Co., 365 So.2d 1285 (La. 1979); Charpentier v. St. Martin Parish School Board, 411 So.2d 717 (La.App. 3 Cir. 1982).
In the case sub judice, we are concerned with the alleged ruin of a set of steps. It has been held that necessary appurtenances to structures and movables made immovables by attachment, which are defective or have fallen into ruin, also may be included within the term "building" for purposes of the building owner's delictual responsibility under LSA-C.C. Article 2322. Olsen v. Shell Oil Co., supra; Cothern v. LaRocca, 255 La. 673, 232 So.2d 473 (1970); Dunn v. Tedesco, 235 La. 679, 105 So.2d 264 (1958); Boudoin v. Schwegmann Brothers Giant Supermarket, 371 So.2d 370 (La.App. 4 Cir. 1979).
We find that the steps were a necessary appurtenance to the mobile home and, thus, may be included within the term "building" for purposes of LSA-C.C. Article 2322. We further find that defendant's insured was the owner of the building. The crucial issue for our determination is whether plaintiff has proved that there was a ruin in the steps, caused by a vice in construction or a neglect to repair, which caused her injuries.
The evidence shows that the steps were in no way attached to the porch, nor were they anchored to the ground in any fashion. In addition, defendant's insured had dug a ditch under the steps in an attempt to improve the drainage of his property. There was conflicting testimony given by the witnesses as to whether the steps had been in an unstable condition prior to the date of the accident. However, all agreed that the steps were unstable on the day of the accident, i.e., they would wobble.
It is the settled jurisprudence of this State that the word "ruin" as used in LSA-C.C. Article 2322 means the fall or collapse of a more or less substantial component of the structure. Macalusa v. Pitt Grill, Inc., 388 So.2d 97 (La.App. 1 Cir. 1980), writ denied, 392 So.2d 1057 (La.1980); Davis v. Royal-Globe Insurance Companies, 257 La. 523, 242 So.2d 839 (1970); Hornsby v. Ray, 327 So.2d 146 (La.App. 3 Cir. 1976), writ denied, 330 So.2d 293 (La.1976).
It is our opinion that the wobbly nature of the steps fails to constitute the fall or collapse of a more or less substantial component of the mobile home. Thus, we are unable to find the presence of a "ruin" caused by a vice in the construction of or a neglect to repair the mobile home, which caused the injuries suffered by plaintiff.
*1333 Plaintiff also contends that defendant's insured should be held strictly liable for the injuries she suffered under the provisions of LSA-C.C. Article 2317. For recovery under LSA-C.C. Article 2317, a plaintiff must show:
1. That the thing which caused the injury was in the care or custody of the defendant/owner;
2. That a vice or defect existed in the thing; and
3. That the vice or defect caused the injury.
A vice or defect is defined as a condition of a thing which creates an unreasonable risk of injury to another. Goudchaux v. State Farm Fire & Casualty Company, 407 So.2d 1317 (La.App. 3 Cir. 1981), writ denied, 412 So.2d 1114 (La.1982); Loescher v. Parr, 324 So.2d 441 (La.1975); Reinhard v. City of New Orleans, 371 So.2d 286 (La.App. 4 Cir. 1979), writ denied, 374 So.2d 656 (La.1979).
The evidence clearly shows that the steps were in the care or custody of defendant's insured at the time of the accident. The evidence also shows that a vice or defect existed in the steps, i.e., they were unstable and had a tendency to wobble. A set of steps which is unstable and which can suddenly shift position while being used creates an unreasonable risk of injury to persons attempting to negotiate them. The last element plaintiff must prove in order to recover is that her injuries were caused by the vice or defect.
Plaintiff testified that she fell when she stepped on the first step from the porch, but was unable to recall whether the step had moved or wobbled at that time. However, in a deposition given approximately one year before trial, plaintiff stated that the steps had moved when she had stepped down to the first step and fell. In a statement plaintiff had given to an insurance adjuster, who testified at trial, she claimed that she had slipped on the second step, rather than the top step. Thus, plaintiff gave three different versions of how the accident occurred. The only other person who actually saw plaintiff fall was her father. He testified that plaintiff fell when she stepped onto the top step off of the porch. However, he was also confronted with a statement he had given to the same insurance adjuster. In that statement, plaintiff's father told the insurance adjuster that plaintiff slipped and fell on the second step, rather than the first one. He also told the insurance adjuster that the steps were solid at the time plaintiff fell, which was contradictory to the testimony he gave at trial, where he claimed the steps were unstable at that time.
We find that plaintiff has failed to prove that her injuries were caused by any defect existing in the steps.
Assuming, arguendo, that plaintiff could prove that her injuries were caused by a vice or defect existing in the steps, we find that defendant has proven the affirmative defense of fault of the victim, which bars plaintiff's recovery. The record is replete with testimony by plaintiff to the effect that she knew the exact condition of the steps on which she fell prior to the accident. Plaintiff admitted that she was afraid to use these steps because she considered them to be "rickety". She also admitted that she had used the steps many times in the past, in her deposition, and this was corroborated by the testimony of other witnesses. However, at trial, she testified that she had only used the steps a few times in the past.
Fault of the victim, as that term is used in reference to a defense to strict liability under LSA-C.C. Article 2317, means the conduct of the victim was a substantial factor in causing the injury complained of. Loescher v. Parr, supra. Wilkinson v. Hartford Accident and Indemnity Co., 400 So.2d 705 (La.App. 3 Cir. 1981), reversed on other grounds, 411 So.2d 22 (La.1982), noted that the relationship between "victim fault" under LSA-C.C. Article 2317 and "contributory negligence" under LSA-C.C. Article 2315 has never been clearly enunciated in the jurisprudence.
Kent v. Gulf States Utilities Company, 398 So.2d 560 (La.App. 1 Cir. 1980), affirmed, 418 So.2d 493 (La.1982), noted, on page 569, that:
"Jurisprudential standards for what constitutes victim fault sufficient to relieve *1334 a defendant of liability under Article 2317 are in a developmental stage. Loescher tells us fault of the victim must be a substantial fact in bringing about the harm producing incident. This court, in American Road Insurance Company v. Montgomery, 354 So.2d 656 (La.App. 1st Cir. 1978), writ denied, 356 So.2d 430, 434, 435 (La.1978), equated "substantial factor" with "cause in fact." Under the facts of Daniel v. Cambridge Mutual Fire Insurance Company, 368 So.2d 810 (La. App. 2d Cir. 1979), writ denied, 369 So.2d 1063 [(La.1979)] the court concluded: "Defendant is exculpated from fault and liability by the fault of the victim, that is, her assumption of risk." A writ denial in Hebert v. Maryland Casualty Company, 369 So.2d 708 (La.1979), elicited these comments from Justice Tate:
"[T]he fault of the victim that defeats recovery for harm occasioned by strict liability imposable upon a defendant involves a voluntary exposure to the risk with full knowledge and appreciation of the danger. Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133, 140-141. The trier of fact could properly have found that the plaintiff, an experienced horsewoman, had so assumed the risk.
"Although the language of the court of appeal incorrectly suggests that the objective test of contributory negligence rather than the subjective test of assumption of the risk defeats a recovery based on strict liability, the result is correct. See Daniel v. Cambridge Mutual Fire Insurance Co., 368 So.2d 810 (La.App. 2nd Cir. 1979) in which writs were denied this day, for a correct statement of the principles involved."
We find that plaintiff assumed the risk of her injuries, when she used these steps with full knowledge of their condition to the point that she was afraid to use them. Plaintiff could have used the front entrance to enter the mobile home, but failed to do so for fear of wetting her feet. We find that this fear provides plaintiff with no excuse for using the rear entrance and steps, which, by her own admission, she knew presented a danger to herself.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
STOKER, J., concurs and assigns written reasons.
STOKER, Judge, concurring.
I concur in the result reached by the majority in this case. I have reservations concerning the holding that the homeowner, Mr. Eddie Oliver, was not guilty of negligence. In any event, Mrs. Sumner, the plaintiff, assumed the risk which barred her recovery. Dofflemeyer v. Gilley, 384 So.2d 435 (La.1980). Mrs. Sumner knowingly and voluntarily encountered the risk of the wobbly steps causing her to fall or lose her balance. She fully understood and appreciated this risk as well as the inherent danger because of the risk. I also have reservations concerning the majority's holding that the defendant's insured was not strictly liable under LSA-C.C. arts. 2317 and 2322. Nevertheless, in view of plaintiff's complete knowledge of the defective condition of the steps and its propensity to wobble, she was guilty of victim fault. For that reason, she should not recover. Dorry v. Lafleur, 399 So.2d 559 (La.1981).
NOTES
[1] Plaintiff, in wording the first issue raised in her brief, states that the trial court found the defendant guilty of "negligence", but not "actionable negligence". We have reviewed the trial court's reasons for judgment and note that it states therein, "... the Court finds that the conduct of the defendant's insured does not amount to actionable negligence ...". Nowhere does the trial court state that it finds that the defendant's insured is guilty of negligence. We would prefer to abandon the term "actionable negligence" as we see no need for its use. Either a person is guilty of engaging in negligent conduct, for which he should be held liable for the harm caused by that conduct, or he is guilty of no negligence and liable to no one.
[2] As for the issue raised by plaintiff concerning the trial court's alleged finding that she was guilty of contributory negligence and/or victim fault, we conclude that plaintiff has simply misconstrued the findings of the trial court. This will be explained in the body of our opinion at the appropriate time.
[3] The quoted portion of the trial court's reasons for judgment has been edited for typographical errors.
[4] "Art. 2317. Acts of others and of things in custody

Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
[5] "Art. 2322. Damage caused by ruin of building

Art. 2322. The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."