424 So.2d 470 (1982)
Carmelite RUFFO
v.
SCHWEGMANN BROTHERS GIANT SUPERMARKETS, INC.
No. 5-254.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
*471 James Gleason, III, Mandeville, for plaintiff-appellee.
Stephen M. Pizzo, New Orleans, for defendant-appellant.
Before BOWES, GAUDIN and DUFRESNE, JJ.
BOWES, Judge.
This case comes to us on appeal from the 24th Judicial District Court judgment awarding plaintiff $2,658.00, plus legal interest, for injuries sustained in a fall in defendant's parking lot.
On May 19, 1979, plaintiff and her husband drove into the parking lot of Schwegmann Brothers Supermarket on Veterans Highway. They parked their car, and plaintiff got out, walking toward the rear end to a "driving" lane of the lot. Plaintiff had gone a step or two past her automobile when another car, coming from the direction of the store itself and contrary to the directional arrows in the lot, startled *472 her. She moved to her left, stepped on a broken concrete apron surrounding a drainage cover, and fell, injuring her foot.
Neither the fact of injury itself, nor the quantum is in question here. Defendant makes the following assignment of errors:
1. The trial court erred in finding Schwegmann Brothers negligent for the condition of the drainage opening/manhole that existed.
2. The trial court erred in finding that Mrs. Ruffo's awareness of the drainage opening on this and numerous occasions did not constitute contributory negligence which would bar her recovery.
3. The trial court erred in not finding that the fault of a third party served to bar Mrs. Ruffo's recovery.
Initially, defendant argues that there is no duty to warn an individual of dangers which are obvious or should be observed by an individual exercising ordinary care. Stated otherwise, there is no duty to warn of conditions which are as obvious to a visitor as to the landowner. This is well-settled jurisprudence. Summer v. Foremost Insurance Co. 417 So.2d 1327 (La.App. 3rd Cir.1982). Defendant argues that the condition of the manhole was or should have been obvious to plaintiff, and, therefore, Schwegmann should not be held liable. Defendant also contends that there was no evidence of a defective condition, nor that the drainage covering presented an unreasonable risk of harm; there was no proof that defendants had actual or constructive knowledge of the alleged condition; that the plaintiff's concern for protecting her back (previously operated upon) may have affected her reflexes and subsequent reaction upon seeing the approaching car, which (evidently, to defendant) does not constitute use of "ordinary care."
The applicable standards in the present type of situation were discussed by the Supreme Court in Shelton v. Aetna Casualty and Surety Co., 334 So.2d 406 (1976):
It is well settled that for alleged wrongful conduct to be actionable negligence it must be found to be a cause in fact of the resulting harm... Thus if the plaintiff can show that he probably would not have suffered the injury complained of but for the defendant's conduct, he has carried his burden of proof relative to cause in fact.
It is evident to the court that Mrs. Ruffo would not have fallen and injured herself but for the presence of the defective drainage area. That it was defective is evident from the preponderance of the testimony. Both plaintiff and her husband testified as to the crumbling condition of the concrete apron. Defendant offered no testimony to rebut plaintiffs on this point. We find the area in question to be defective. Consequently, we must find that plaintiff would not have injured herself but for the defendant's conduct.
As in Shelton, supra, we next must consider whether Schwegmann's breached a legal duty imposed to protect against the risk involved:
... The proper test to be applied in determining a landowner's liability under articles 2315 and 2316 of the Civil Code is `whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others....' The duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. Shelton, (page 410).
Plaintiff described the area in question as having a slope, into which her foot went down into the edge of the manhole, and that the concrete around the area was broken. (Deposition of Mrs. Ruffo, page 38). She was wearing flat shoes at the time of the accident. Mr. Ruffo testified that the metal grate was sunken two inches below the concrete. Other such broken drainage areas had been under repair. The Court feels that this repair of other like portions of the parking lot militates toward the conclusion that defendant knew or should have known of the danger imposed by the manhole in question. At least defendant was put on guard that a regular inspection of all *473 such areas should be made; no evidence of such inspection was introduced. We find the failure to repair or warn of the drainage area into which Mrs. Ruffo fell was negligent under the circumstances. A sloping, broken concrete portion of a parking lot on which many persons are expected to walk daily presents an unreasonable risk of harm.
Defendant contends that plaintiff knew or should have known of the condition of the premises. The fact that plaintiff shopped frequently at the store, and had noticed that other areas of the parking lot were being repaired, does not impose a duty on her to notice every portion which may present danger. Plaintiff should not be required to traverse the lot of defendant's store as though it were a minefield. The testimony of plaintiff convinces this court that she did not know of the condition of the particular drainage hole in question. Mr. Ruffo testified that he did not have to drive over the manhole in order to park his car. Plaintiff noticed the presence of a manhole, but not its condition, seconds before she fell. That the manhole existed was obvious. Whether it was defective and therefore possibly dangerous would not have been obvious until the opportunity for a closer examination was had. Unfortunately, Mrs. Ruffo's chance at such a close inspection came only after she had fallen to the ground. As hereinabove indicated, we feel that a preponderance of the evidence shows that had Mrs. Ruffo stepped upon a drainage covering in normal good condition, when she suddenly moved left when frightened by the approaching car, she would not have fallen.
That plaintiff may have been concerned about her back does not lead this court to conclude that her reflexes were abnormal and outside the realm of ordinary usage. Mrs. Ruffo was emphatic that her back problem did not cause her imbalance (Deposition of Mrs. Ruffo, pp. 52-53). We find that the plaintiff used ordinary care in attempting to avoid being hit by the oncoming car.
Defendant alleges that Mrs. Ruffo was contributorily negligent in not walking around the manhole, and by trying to get across the lane before the car passed. Fault of the victim or of a third person is a defense to a claim under the articles imposing strict liability. Loescher v. Parr, 324 So.2d 441 (La.1975). Fault of the victim, as that term is used in reference to a defense to strict liability, means the conduct of the victim was a substantial factor in causing the injury complained of. Sumner, supra, citing Loescher v. Parr, supra. Assumption of the risk and contributory negligence are the two aspects of "victim fault" in our jurisprudence.
"Negligence is a failure to observe or do something that one ought to have observed and done and would have done or noticed with ordinary care." Soileau v. South Central Bell, 406 So.2d 182 (La.1981), quoting Siau v. Rapides Parish School Board, 264 So.2d 372, 375 (La.App. 3rd Cir.1982) as the applicable law in determining contributory negligence.
"Contributory negligence is a matter of fact to be determined in the light of the circumstances of each case.... A person is not required to exercise the utmost caution at each moment to avoid every hazard of which he was ever aware. Even the `reasonable man' is permitted an occasional lapse of memory. The critical inquiry is whether or not he was exercising ordinary care for his own safety at the time of the accident and whether or not it was reasonable to forget. (sic, the presence of the wire)." Soileau, 406 So.2d at page 184.
We find under Soileau that Mrs. Ruffo was not contributorily negligent. She stepped out into the driving lane, was startled by the approach of a car being driven in the wrong direction, and moved to avoid it. She could not say why she moved in the direction she did, rather than backwards or toward the other side. The Court is unable to supply such a motive. It is not necessary that a victim's actions be the most prudent or carefully thought out in such a situation. The law recognizes the fact that a prudent man, when brought *474 face-to-face with an unexpected danger, may fail to use the best judgment, may omit some precaution he might have taken, and may not choose the best available method of meeting the situation. Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127 (1956).
Finally, defendant alleges that the unknown driver of the car which frightened Mrs. Ruffo was a third person whose negligence should be an intervening cause sufficient to absolve defendants. We do not agree. The Supreme Court defined this "third person" fault in Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1979). There the Court stated:
The fault of a "third person" which exonerates a person from his own obligation importing strict liability as imposed by Articles 2317, 2321, and 2322 is that which is the sole cause of the damage, of the nature of an irresistible and unforeseeable occurrencei.e., where the damage resulting has no causal relationship whatsoever to the fault of the owner in failing to keep his building in repair, and where the "third person" is a stranger rather than a person acting with the consent of the owner in the performance of the owner's non-delegable duty to keep his building in repair.
In a footnote, the Court went further:
"The considerations for determining that an intervening act or force is a superseding cause of the harm, as to which the actor's antecedent fault was a substantial causal factor, include, for instance, that the harm is different in kind than that would have otherwise resulted, that it is of an extraordinary nature or operates independently of any situation created by the actor's fault. Section 442; but the intervening act or force is a concurrent rather than superseding cause when the fault of the actor created or increased the foreseeable risk of harm through such an intervening act, or when such intervening act is a normal and non-extraordinary consequence of the situation created by the actor's fault. Sections 442A, 443, 447." (Quoting Restatement of Torts 2d, 1965.)
We find the driver of the automobile was not an intervening actor sufficient to relieve defendant's negligence.
The harm suffered by plaintiff was no different in kind than would have ordinarily resultedthe foreseeable risk was one of falling on the damaged area. Neither was the oncoming auto in the nature of an "extraordinary" event. It may have been a concurrent cause of harm; however, our jurisprudence stated above requires the third person be the "sole" cause of damage.
The Judgment of the lower court is hereby affirmed; all costs of this appeal are taxed to defendant.
JUDGMENT AFFIRMED.