498 So.2d 1116 (1986)
Mary Newman HENRY, Plaintiff-Appellee,
v.
SAFECO INSURANCE COMPANY, et al., Defendants-Appellants.
No. 86-38.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
Writ Denied February 6, 1987.
*1117 Frank A. Fertitta, Baton Rouge, for defendants-appellants.
James T. Genovese of Boagni and Genovese, Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, FORET and STOKER, JJ.
FORET, Judge.
This is a suit for personal injury damages. Plaintiff, Mary Newman Henry, injured during her employment at a private residence owned by defendant homeowners, Mr. and Mrs. Melvin Kidder (Kidder), sued the Kidders and their homeowners' insurer, Safeco Insurance Company of America (Safeco). A trial by jury ended with the jury ruling that the homeowners and plaintiff were mutually at fault. The jury allocated 53% of the fault to the homeowners and 47% of the fault to plaintiff. Plaintiff was awarded a damages total of $33,750, which was reduced by her percentage of fault (47%) to a net judgment of $17,887.50. Defendants have appealed from this judgment. We reverse and dismiss plaintiff's suit with prejudice.

FACTS
On June 24, 1983, at approximately 3:15 P.M., plaintiff, Mrs. Henry, fell and broke her left ankle while on Mr. and Mrs. Melvin Kidder's premises. The record reflects that plaintiff had worked for the Kidders as a maid for over ten years off and on.
Plaintiff stated that on the date of the accident she had mopped the interior of the utility room area near where she fell. At 11:00 A.M. plaintiff had washed down the carport and patio with water, and, at the time of her fall, the soles of her shoes were still damp. Mrs. Henry admitted that she was aware of the fact that the vinyl flooring was waxed every week.
Mrs. Henry stated that she stepped over the threshold because she thought it was dangerous to step on what she perceived to be an uneven threshold. Mrs. Henry claimed these beliefs despite the fact that she had been employed by the defendants at this particular residence in excess of ten years, working there on the average of once or twice a week.
Photographs introduced into evidence by Mrs. Henry show the threshold in question to be an ordinary type of threshold with weather guarding along the top, commonly used in most homes for insulation and weatherproofing purposes.
In her deposition, Mrs. Henry stated that she tripped while crossing the concrete *1118 threshold to enter the house from the patio. She stated that, upon tripping on the threshold, she slipped and fell on the vinyl flooring inside the home. At trial, plaintiff claimed she fell because she slipped on the vinyl flooring and while trying to regain her balance, hit her foot on the metal weather stripping which is on top of the concrete threshold. Plaintiff alleges two separate defects in the premises: (1) slippery vinyl flooring and (2) uneven threshold. Additionally, she claims that failure to warn of the defective condition of the premises constituted negligence.
Defendants urge error in the jury's finding that the vinyl flooring was unreasonably dangerous, in finding the threshold unreasonably dangerous, and/or finding them negligent.

ISSUE
The dispositive issue on appeal is whether the condition of the threshold or the vinyl flooring constituted an unreasonable risk of harm to plaintiff or whether the defendants were negligent in exposing plaintiff to the risk of harm from which she allegedly suffered.

STRICT LIABILITY OF A HOMEOWNER
In order for plaintiff to recover under LSA-C.C. art. 2317 against these homeowners, she must prove that the home or its appurtenances posed an unreasonable risk of injury to her, and that the risk of harm was the cause-in-fact of the alleged injury and resulting damages.
Not every defect can serve as a basis for a claim. The defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Campbell v. Tidwell, 407 So.2d 1359, 1361 (La.App. 3 Cir.1981).
Our Supreme Court stated in Entrevia v. Hood, 427 So.2d 1146 (La.1983), at 1149, that:
"The requirement that an injured person in order to recover under Article 2317 or 2322 must prove that the risk from which his damage resulted posed an unreasonable risk of harm places a limitation on a building owner's strict liability. He cannot be held responsible for all injuries resulting from any risk posed by his building, only those caused by an unreasonable risk of harm to others."
After reviewing the record, we believe the jury erred in finding the homeowners legally at fault. Mrs. Henry was very familiar with the vinyl flooring and the threshold. She had traversed this threshold several times on the morning of the accident. Furthermore, Mrs. Henry had previously fallen on the flooring and knew of its slippery condition, especially when wet as a result of mopping, which she herself performed. However, we note that the flooring was dry where plaintiff allegedly slipped.
Mrs. Kidder testified that the flooring is common Solarian flooring, which has great utility and is used in numerous residences. All vinyl flooring is somewhat slippery when wet. There can be no question as to plaintiff's knowledge of the slippery condition of the vinyl flooring. Plaintiff has simply failed to prove that this vinyl flooring was defective.
Mrs. Henry likewise contends that the threshold was defective. However, the pictures introduced at trial by plaintiff show that the patio is covered with dark green indoor/outdoor carpeting; the threshold has a grayish cement finish; and the weather stripping on top of the threshold is a shiny silver weatherguard. The vinyl flooring on the other side of the threshold is a tan color. Even to a person unfamiliar with the premises, the fact that the threshold is a couple of inches higher than the patio level is readily apparent. The ledge is clearly visible as one approaches the doorway from the patio. In fact, Mrs. Henry testified that she knew the threshold was there and that it would hardly be possible not to know that it was there if you were approaching it. Plaintiff is very *1119 familiar with the premises. After reviewing this evidence, we conclude that Mrs. Henry failed to prove that the threshold was defective and presented an unreasonable risk of injury to those who traversed it.

NEGLIGENCE
In determining whether the homeowners were negligent, we must decide whether they violated any duty to Mrs. Henry.
It is well settled in Louisiana that a landowner has no duty to warn of conditions which are as obvious to a visitor as to the landowner. Sumner v. Foremost Insurance Co., 417 So.2d 1327 (La.App. 3 Cir.1982); Ruffo v. Schwegmann Brothers Giant Supermarkets, Inc., 424 So.2d 470 (La.App. 5th Cir.1982). In Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406 (La.1976), our Supreme Court stated, at page 410, that a landowner has a duty to act reasonably in view of the probability of injury to others, but that a landowner is not to insure against the possibility of an accident on his premises. Mrs. Kidder had, in the past, warned Mrs. Henry of the slippery condition of the vinyl flooring when wet. Mrs. Henry knew of the characteristics of the floor and was in as good a position as the Kidders to protect herself, especially when her shoes were damp.
We believe that the plaintiff did not exercise ordinary care for her own safety at the time of the accident.
The Kidders did not owe plaintiff a duty to warn her of the concrete threshold. The threshold, as previously stated, is readily apparent. We believe that the injury suffered by plaintiff in this case was due solely to her own negligence. Consequently, the jury's verdict is reversed.

EXCLUSION OF PHOTOGRAPHIC EVIDENCE
In the course of plaintiff's cross-examination, defense counsel attempted to introduce a photograph of a person traversing the threshold of the doorway in question. The photo was offered to contradict plaintiff's statements about the nature of the threshold. The trial judge did not allow defendants to introduce this photograph into evidence because it was not on the pre-trial list. Defendants argue that they were, nonetheless, entitled to use the photograph as rebuttal or impeachment evidence to contradict and impeach plaintiff's testimony.
Because of our above findings in this case, we need not consider this assignment of error.

DECREE
Accordingly, for the reasons assigned, the judgment in the trial court is reversed, vacated, and set aside, and plaintiff's case is dismissed with prejudice. Costs of this appeal, and at the trial level, are assessed against plaintiff-appellee, Mary Newman Henry.
REVERSED AND RENDERED.