ARMSTRONG, Judge.
Defendant, Power Management Systems, Inc. (“PMS”) appeals from the trial court’s granting of its co-defendant’s, Evelyn K. Mossier, motion for summary judgment.
Sarah Edwards is a Cox Cable of New Orleans (“Cox Cable”) employee. PMS installed a security system, including a security mat, at the Cox Cable building on Canal Street in New Orleans. Ms. Mossier owns that building and leased it to Cox Cable.
Edwards filed suit against PMS, and Ms. Mossier alleging that she sustained injuries when she tripped on a wire attached to a security mat.[1] In her petition Edwards claimed that Mossier was strictly liable for her damages. PMS answered Edward’s petition and filed a third party demand for indemnity or contribution against Mossier and two other parties.
Mossier subsequently filed a motion for summary judgment. PMS opposed that motion but on May 9, 1986 the trial court rendered judgment granting Mossler’s motion. PMS appeals from that judgment.
LSA-C.C.P. art. 966 requires that a summary judgment “be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.”
PMS claims that the trial court erred in granting the motion for summary judgment because there is a genuine issue of material fact. PMS' asserts that a jury could find that in order for an accident to have occurred as Edwards alleges, the security mat and wire must have been tampered with or altered after installation; and if a jury found that the altered security mat and wire constituted a defect on the building, Ms. Mossier could be liable for Edwards’ injuries pursuant to LSA-C.C. art. 2322. In conjunction with this argu *341 ment appellant also asserts that the mat and wire were parts of the Cox Cable building’s structure.
LSA-C.C. art. 2322 reads as follows:

Damage earned, by ruin of building

The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.
In addition LSA-C.C. art 660 provides:

Keeping buildings in repair

The owner is bound to keep his buildings in repair so that neither their fall nor that of any part of their materials may cause damage to a neighbor or to a passerby. He is answerable for his neglect to do so.
In Glorioso v. Chandler, 337 So.2d 269 (La.App. 2d Cir.1976), the court stated that,
These two articles have been generally construed together to impose strict liability or liability without fault on property owners whose buildings fall to ruin and cause damage to other persons or property. The word “ruin” is construed as the collapsing, giving away or falling of a substantial component of the building.
Id, at 272.
Edwards contends that she tripped on a wire. Clearly “a substantial component of the building” did not collapse or give away in this instance. Under these circumstances it would be farfetched to say that Mrs. Mossier is liable for Edwards’ injuries under LSA-C.C. art. 2322.
We conclude that there is no genuine issue of material fact to be resolved. The trial court correctly granted appellees motion for summary judgment.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
CIACCIO, J., concurs.

. A security mat is a pressure sensitive switch mat which in this case was placed inside the Cox Cable building in front of the exit door. When an employee steps on the mat, the pressure activates a switch which signals a computer to open the door.