**Murphy ROY, Jr., Plaintiff,**

v.

**QUALITY CATERING, INC.,
et al., Defendants.**

**Civ. A. No. H–92–74.**

United States District Court,
S.D. Texas,
Houston Division.

Aug. 24, 1993.

W. Mark Lanier, Houston, TX, for plaintiff.

David E. Black, Houston, TX, for defendants.

## OPINION ON SUMMARY JUDGMENT

HUGHES, District Judge.

### 1. *Introduction.*

Murphy Roy, Jr., sued Sundowner Offshore Services, Inc., Shell Oil Company, (Shell) and Shell Offshore, Inc., (Shell Offshore) after he fell in a portable galley on an offshore platform. At the time of the accident Sundowner was an independent contractor for Shell Offshore. It was working on a well on a platform owned by Shell Offshore and located offshore Louisiana. Roy was an employee of Quality Catering, a division of Sundowner. Quality Catering furnished food and housekeeping services to Sundowner's other employees on the platform. Roy was injured while working in the galley. The galley was a fully equipped portable building that was temporarily situated on the platform. Sundowner leased it from a third party. Roy accidently stepped in a puddle of water and slipped. The water leaked from a broken freezer. Shell and Shell Offshore have moved for summary judgment. Roy will take nothing from Shell or Shell Offshore.

### 2. *Louisiana Law.*

Roy sues for damages under two Louisiana statutes. He claims that Shell and Shell Offshore are strictly liable because they had custody over the freezer. LSA–C.C. art. 2317. He also alleges liability asserting that Shell and Shell Offshore owned the platform on which the galley was situated and because the galley is a ruin. LSA–C.C. art. 2322. Federal law applies Louisiana law to this case. Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1333(a)(2)(A).

Roy will take nothing from Shell or Shell Offshore under the Louisiana statutes because neither defendant had custody of the freezer and because the galley freezer is not a ruin. Further, Shell and Shell Offshore do

not have the ownership interest that the law requires. Article 2322.

### 3. *Custody.*

█ The Louisiana Civil Code says: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of things which we have in our custody." Article 2317. Roy wishes to impose strict liability on Shell and Shell Offshore under this statute. To succeed he must prove three elements. These are custody of the freezer, defect in the freezer, and injury from the defect in the freezer. *Jones v. Baton Rouge,* 388 So.2d 737, 739 (La.1980).

Shell and Shell Offshore claim that they did not have custody over the freezer. Their burden is to show that Roy has insufficient evidence to support one of the elements in his case. *Duplantis v. Shell Offshore,* 948 F.2d 187, 190 (5th Cir.1991).

█ Custody means supervision and control. *Steele v. Helmrich & Payne Int'l Co.,* 565 F.Supp. 993, 997 (E.D.La.1983), aff'd, 738 F.2d 703 (5th Cir.1984); *Wilcox v. American Oil Co.,* 215 So.2d 402 (La.App. 2d Cir.1968). Neither Shell nor Shell Offshore owns the galley or its contents. There is no dispute that Sundowner possessed the galley under a bailment. Sundowner was an independent contractor that had agreed to be responsible for the maintenance of the equipment used under the master drilling agreement while it was reworking the well. The affidavit of a Sundowner vice president states that it had exclusive control of the galley and that it was solely responsible for its maintenance. Roy presents no facts to show that Shell or Shell Offshore actually exercised custody of the galley or freezer. Shell's only presence on the platform was a company man whose job was to observe the progress of the well rehabilitation.

That Shell Offshore owned the platform on which the galley was temporarily located does not make Shell Offshore responsible for the galley and its contents. *Axon v. Noble Drilling Corp.,* 769 F.Supp. 960, 962 (E.D.La. 1991); *State v. Waxler,* 569 So.2d 23, 29 (La.App. 4th Cir.1990). Responsibility does not follow from attachment. The United States owns the land on which the platform is located; the United States does not have custody over the galley just because the platform, on which it sits, sits on its property.

The record in this case establishes that Sundowner rather than Shell or Shell Offshore had supervision and control over the galley and its contents. This court will grant Shell and Shell Offshore's summary judgments on the issue of custody, holding that neither is liable under this part of the Louisiana Civil Code. Article 2317.

### 4. *Ruin: Title.*

Article 2322 of the Louisiana Civil Code states, "The owner of a building is answerable for the damage occasioned by its ruin when this is caused by neglect to repair it, or when it is the result of a vice in its original construction." Roy alleges liability under this statute also. Roy must prove that there is a building owned by Shell or Shell Offshore that contains a ruin caused by Shell or Shell Offshore's negligence. This ruin must cause the damage. *Seneca v. Phillips Petroleum Co.,* 963 F.2d 762, 766–67 (5th Cir. 1992).

█ A fixed drilling platform is a building for the purposes of this statute. *Olsen v. Shell Oil Co.,* 365 So.2d 1285 (La.1978). Shell Offshore owns the platform and is liable if the galley is appurtenant to the platform. *Id.* Two factors determine if the galley is an immoveable. The first factor is how securely the galley is attached. The second is the degree of permanence intended by the parties. *Seneca v. Phillips Petroleum Co.,* 963 F.2d 762, 767 (5th Cir.1992). Sundowner's galley is not an appurtenance of the platform. The galley is a temporary building that is designed to be moved. Sundowner skidded it onto the platform. All parties knew that the galley was not permanently attached and that Sundowner intended to remove the galley once the workover was complete. Shell Offshore is not liable under Article 2322 for Roy's damages because the galley in which Roy was injured is not appurtenant to the building that Shell Offshore owns.

Roy cannot recover from Shell under Article 2322 because there is no evidence that Shell owned the galley or the platform. Again, Article 2322 requires proof of ownership to impose liability. Shell Offshore owns the platform. Sundowner leased the galley from a third party. Shell was not a party to the lease held by Shell Offshore. Shell had no contract with Shell Offshore or Sundowner. Because Shell had no ownership over the galley or the platform, it cannot be strictly liable for the injuries that Roy suffered.

### 5. Ruin: Condition

 Additionally, Roy cannot recover under this statute because the leaking freezer does not make the galley a ruin. There seems to be some controversy over the definition of the term "ruin." *Fonseca v. Marlin Marine Corp.*, 410 So.2d 674 (La.1981). A ruin is "the actual fall or collapse of a building or one of its component parts.... [t]he fall or collapse must involve a more or less substantial component of the structure." *Davis v. Royal–Globe Ins. Cos.*, 257 La. 523, 242 So.2d 839 (1970). *Olsen* is seen as having broadened the definition of "ruin". *Fonseca*, supra at 679.

Ruin does not mean defect. *Olsen v. Shell Oil Co.*, 365 So.2d 1285, 1292–93 (La. 1979). Although there has been an occasional variance, Article 2322, the current statute, is a partial restatement of Article 670 of the Louisiana Civil Code of 1808. Article 670 contemplated the fall of a building for recovery of damages. *Davis*, supra, 242 So.2d at 842. The word *ruine* from the Louisiana Code of 1808 translates into "falling down" in the English text.

The definition of ruin retains its historic scope. *See Axon v. Noble Drilling Corp.*, 769 F.Supp. 960, 963 (E.D.La.1991); *Buxton v. Amoco Oil Co.*, 676 F.Supp. 722 (W.D.La. 1987); *Cormier v. Gulf Oil Corp.*, 665 F.Supp. 1226 (E.D.La.1987), *aff'd*, 857 F.2d 789 (5th Cir.1988); *Edwards v. Power Management Systems, Inc.*, 513 So.2d 340 (La. App. 4th Cir.1987); *Summer v. Foremost Ins. Co.*, 417 So.2d 1327 (La.App. 3rd Cir. 1982); *Macaluso v. Pitt Grill, Inc.*, 388 So.2d 97 (La.App. 1st Cir.), *writ refused*, 392 So.2d 1057 (La.1980).

Assuming the cause of the injury was a puddle resulting from a broken freezer, the galley is not a ruin. There has been no collapse of the appliance or the galley. The freezer is certainly not a substantial component of the galley, structural or otherwise. Because the galley is not a ruin, Roy may not recover his damages from Shell or Shell Offshore under Article 2322.

### 6. Conclusion

Shell and Shell Offshore are not liable for Roy's damages because neither had custody of the galley or its contents. Article 2317.

Shell Offshore is not liable because the galley is not an appurtenance of the platform that it owns. Article 2322. Shell is not liable because it does not have an ownership interest in the actual premises. Article 2322. Further, neither party is liable under this statute because the galley is not a ruin. Article 2322.

### FINAL JUDGMENT

Murphy Roy, Jr., takes nothing from Shell Oil Company, Shell Offshore, Inc., Quality Catering, Inc., Sundowner Offshore Services, Inc., and Shell Western E & P, Inc.