SAVOY, Judge.
This is an action ex delicto instituted by plaintiff against several defendants resulting from a collision between a car driven by plaintiff and a car driven by Judith Ann Moreau. As a result of the accident, plaintiff’s vehicle was damaged. Prior to the trial on the merits, it was stipulated that the car driven by Miss Moreau was owned by Superior Iron Works and Supply Company, Inc., under the control of Charles Veillon, an employee of Superior who had granted Miss Moreau permission to drive; and that The Fidelity & Casualty Company of New York, the insurer of Superior, be substituted for all of the parties made defendants in the instant suit.
After a trial on the merits judgment was granted in favor of plaintiff and against Fidelity in the sum of $656.34. Defendant Fidelity appealed.
The facts of the case are that on the afternoon of July 31, 1966, at approximately 5:00 P.M. on a clear day, plaintiff was driving his vehicle in a northerly direction on State Highway 29, and Miss Moreau was driving a vehicle in an easterly direction on State Highway 1164 which is a graveled road and which forms a “T” intersection with said Highway 29. Defendant Moreau attempted to make a right turn onto Highway 29 when her vehicle and that of plaintiff sideswiped each other. There was a Stop Sign on Highway 1164 as one entered Highway 29. Also, the record reveals that there were high weeds at the northwest corner of the highways, creating a blind corner. The record also reveals that there was no yellow line on Highway 29 at the scene of the accident, and Highway 29 formed a slight curve at the intersection where the accident occurred. There was also a white center line on Highway 29.
Counsel for defendant Fidelity contends that plaintiff should not be allowed to recover for the reason that he was driving in the wrong lane of traffic when the accident occurred, namely, in the southbound lane of traffic, whereas he should have been in the northbound lane, and that this violation was the proximate cause of the accident. In support of his position, he cites LSA-R.S. 32:71, which provides in part:
“Driving on right side of road; exceptions
“A. Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:
“(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;
“(2) When the right half of a roadway is closed to traffic while under construction or repair;
“(3) Upon a roadway designated and signposted for one-way traffic.”
The district judge in his reasons for judgment said:
“* * * The evidence reveals that while it was considered a blind corner, there is approximately fifteen (15') feet to twenty (20') feet of clearance before entering on the blacktop itself. (The Court has viewed this intersection personally.)
“The testimony of the plaintiff and his wife is to the effect that they were traveling at about 45 miles per hour and that this young girl just darted out from the side road onto the blacktop and there was nothing that he could do except to apply his brakes to try to avoid this accident, but it was too late.
“The testimony of Miss Moreau, her mother and her sister, who were passengers in the car, was to the effect that Miss *760 Moreau stopped at the stop sign, looked both ways and then again prior to getting onto the highway looked both ways but never did see Mr. Fontenot’s car.
“On cross-examination the question was posed as to why they didn’t see the car and the answer was ‘we don’t know.’
“The Court finds as a fact if Miss Moreau had stopped and looked before entering onto the blacktop the accident would have been avoided. Therefore, the Court finds Miss Moreau negligent and this negligence contributed to the accident.
“Now, the only other question as to Mr. Fontenot’s negligence is whether the fact that he was straddling the center line at the time of the accident bars him from recovery. The jurisprudence is clear that even though Mr. Fontenot was in the center of the road at the time of the accident does not make him negligent since he had the perfect right to be where he was at the time of the accident. In other words, there was no prohibition against passing at this junction nor was there any prohibition against driving even on the left side of the road. * *
We agree with the trial judge’s reasons for judgment. The plaintiff was driving on a favored highway, and it was incumbent on Miss Moreau to stop and look in both directions before making her right turn onto Highway 29.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.