LABORDE, Judge.
Milton Gunnells, Jr., plaintiff-appellant, filed a suit against Marvin Newton and his insurer, Southern Farm Bureau Insurance Company, defendants-appellees, for injuries he sustained in a collision between a truck driven by Newton and a bicycle ridden by Gunnells on June 23, 1981, near Bunkie, Louisiana. After a jury trial on the merits, the jury returned a verdict in favor of Newton and Southern Farm Bureau finding that Newton was free of negligence. In accordance with the jury verdict the trial court rendered judgment in favor of Newton and Southern Farm Bureau dismissing the demands of Gunnells. Gunnells appeals. We affirm. We find that the trial judge’s instruction to the jury was not erroneous nor do we find that the jury was dearly wrong in its determination that Newton was free of negligence.
The issues on appeal are as follows:
1) Whether or not the trial court erred in giving the following jury instruction: “If there is no prohibition against passing or prohibition against driving on the left side of the road, at a particular junction, the jurisprudence is clear that even if the motorist is in the center of the road, at the time of the accident, this fact, alone, does not make him negligent.”
2) Whether or not the jury’s determination that Newton was free of negligence was clearly wrong.
The accident in question occurred near the intersection of a private, gravel driveway and a public blacktop road in Avoyelles Parish on June 23, 1971, at 1:10 p.m. on a clear day. Gunnells was riding a 12 speed racing bicycle, going east on the private, gravel driveway, and turning south onto the public, blacktop road. Newton was driving a truck in a northerly direction on the public, blacktop road. Both parties had a different version of how the accident occurred. Gunnells claimed that he was stopped in the gravel driveway when Newton came across the road and hit him while he was stopped. Newton claimed that he was driving on the blacktop road, on his side of the road, when Gunnells, on his bicycle, came out from the private driveway, made an arcing turn toward him, and the front of the bicycle hit the extreme left front of the truck.
After several days of trial, the jury found that Newton was free of negligence in this accident.
Gunnells complains that the following instruction of the trial court was erroneous:
“If there is no prohibition against passing or prohibition against driving on the left side of the road, at a particular junction, the jurisprudence is clear that even if the motorist is in the center of the road, at the time of the accident, this fact, alone, does not make him negligent.”
It is Gunnells’ contention that the above instruction misinterpreted LSA-R.S. 32:71. We find that Gunnells’ contention is without merit.
The trial court’s instruction was a quote from the case of Fontenot v. Superior Iron Works and Supply Company, 212 So.2d 758 (La.App. 3rd Cir.1968); writ denied 214 So.2d 719 (La.1968). Fontenot is analogous to our present case. Mr. Fontenot was straddling the center line when a motorist failed to stop at an intersection and shot *125 into his path. This court made the following statement:
“Now, the only question as to Mr. Fon-tenot’s negligence is whether the fact that he was straddling the center line at the time of the accident, bars him from recovery. The jurisprudence is clear that even though Mr. Fontenot was in the center of the road at the time of the accident does not make him negligent since he had the perfect right to be where he was at the time of the accident. In other words, there was no prohibition against passing at this junction, nor was there any prohibition against driving even on the left side of the road.”
In Fontenot, the defendant specifically raised LSA-R.S. 32:71 as support for his position that Fontenot was negligent. That contention was rejected by this court. Fon-tenot has not been overruled, therefore, we consider it good law and its holding applicable to our present case.
Gunnells contends that the jury’s verdict was clearly wrong. We assume that the jury in finding that Newton was free of negligence, believed Newton’s version of the accident.
The function of the jury is to decide factual questions and to apply their determinations to the law as supplied by the trial judge. Their findings should not be disturbed unless they are clearly wrong. Soileau v. South Cent. Bell Tel. Co., 406 So.2d 182 (La.1981). On the record before us we cannot say that the jury’s factual determination is clearly wrong.
The evidence was sufficient for the jury to conclude that Newton was driving on the blacktop road and that Gunnells darted into his path from a private driveway. Mr. Newton testified that he did not have time to avoid the accident; that Gunnells never stopped at the end of the driveway before entering the blacktop road; and that Gun-nells was still making his turn at the time of impact. Mr. Hernandez, a passenger in Newton’s truck at the time of the accident, testified that he never saw Gunnells until he came into contact with the truck; that Newton was traveling in the right-lane of traffic; and that the truck stopped after impact across the street from the gravel driveway. Dr. Olin K. Hart, Jr., accident reconstruction expert, testified that the accident occurred near the center of the road. His conclusion was based on the location of the truck after the impact and the location of Gunnells’ body after the impact. Dr. Hart stated that if the accident had occurred according to Gunnells’ version then the mailbox located next to the driveway would have been destroyed which, as shown by the record, was not damaged immediately after the accident. From the above, we find that the record contains ample proof to support the jury’s finding of fact.
For the foregoing reasons, we affirm the judgment of the trial court at appellant’s, Milton Gunnells, Jr., cost.
AFFIRMED.